UNITED STATES of America, Appellant,

v.

Mervin L. GARDNER and Myrtle G. Gardner, his wife, Appellees.

No. 15291.

United States Court of Appeals
Ninth Circuit.

May 23, 1957.

Charles K. Rice, Asst. Atty. Gen., Marvin Weinstein, A. F. Prescott, Helen A. Buckley, Attorneys, Department of Justice, Washington, D. C., Franklin Rittenhouse, U. S. Atty., Las Vegas, Nev., Stanley H. Brown, Asst. U. S. Atty., Reno, Nev., for appellant.

Stewart & Horton, Royal A. Stewart, Richard W. Horton, Reno, Nev., for appellees.

Before HEALY, BARNES, and HAMLEY, Circuit Judges.

## PER CURIAM.

This case is here on appeal from a summary judgment granted by the trial court in favor of appellees. The latter, who were plaintiffs below, will hereafter be referred to as Gardner or as appellee.

Gardner was president of the Gardner Supply Company. The suit involves the validity of a penalty assessed against and collected from him by the United States on the grounds of an asserted willful failure on his part properly to collect, account for, and pay over to the government certain withholding taxes collected by Gardner Supply Company from its employees. The prime issue in the case was whether or not Gardner's conduct in this respect was willful.

After the government had answered his complaint Gardner moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the motion being supported by his affidavit. The government thereupon filed a cross-motion for summary judgment on the ground that certain admissions made in Gardner's affidavit entitled it to such judgment. In this motion it was stated that the government was not conceding that there were no material issues of fact involved. Its motion was supported by the affidavit of one Forrester, Chief of Delinquent Accounts and Returns Bureau of the local Internal Revenue agency. Gardner's motion for summary judgment was thereupon granted.

In its answer to Gardner's complaint the government had squarely denied his allegation of lack of willfulness. Likewise, in the affidavit in support of its cross-motion for summary judgment Gardner's claim of lack of willfulness was controverted on circumstantial and other grounds.

It is our view that in this posture of the case the parties should have been put upon their proof, and that the trial court erred in granting summary judgment. The cause is therefore remanded to the district court for further proceedings not inconsistent with this opinion.