**SEQUOIA UNION HIGH SCHOOL DISTRICT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15341.**

United States Court of Appeals Ninth Circuit.

June 5, 1957.

Keith C. Sorenson, Dist. Atty., Howard E. Gawthrop, Deputy Dist. Atty., County of San Mateo, Cal., Redwood City, Cal., for appellant.

Perry W. Morton, Asst. Atty. Gen., Harold S. Harrison, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, CHAMBERS and BARNES, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a summary judgment in favor of appellee, the United States, in a civil action wherein appellee was plaintiff, and appellant, Sequoia Union High School District, was defendant.

Summary judgments are provided for in Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The pertinent provisions of Rule 56 are as follows:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. * * *

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Appellee was a party seeking to recover upon a claim, but no motion for a summary judgment was ever served by appellee.

The only pleadings in this case were appellee's complaint and appellant's answer. No reply was required or permitted.[1] The complaint was filed on February 4, 1955. The answer was filed on March 30, 1955. The complaint contained material allegations which the answer denied. The answer contained material allegations which, though not expressly denied, were taken as denied or avoided.[2]

On March 22, 1956, appellee requested certain admissions of appellant.[3] On March 30, 1956, and April 18, 1956, appellant made some of the admissions so requested, but never admitted those allegations of the complaint which the answer denied. On April 12, 1956, appellant requested certain admissions of appellee. On April 19, 1956, and April 30, 1956, appellee made some of the admissions so requested, but never admitted those allegations of the answer which were taken as denied or avoided.

On April 19, 1956, appellee served on appellant's attorneys the following notice: "Please Take Notice that [appellee] will move for a Summary Judgment in the above-entitled case, as prayed for in the complaint,[4] on April 30, 1956, at 9:30 a. m., in the Department of the Master Calendar Judge. Said motion will be based upon the pleadings, admissions and all other papers on file in said action."

Obviously, that notice was not a motion. It did not state a motion or any ground for a motion, nor was it a notice of the hearing of a motion.[5] It was merely a notice that appellee would move for a summary judgment on April 30, 1956. Actually, appellee did not so move on April 30, 1956, or at any other time.

On June 14, 1956, appellee and appellant filed the following stipulation: "It is hereby stipulated by and between [appellee and appellant] that a pre-trial conference[6] in the above-entitled matter may be set for hearing on June 13, 1956,[7] without further notice. It is further stipulated that Motions for Summary Judgment by both [appellee and appellant] can be offered for submission on that date."

Actually, there was no pre-trial conference. No motion for a summary judgment was "offered for submission" on June 13, 1956, or at any other time.

■ We reject the suggestion that appellee may have moved orally for a summary judgment. A motion for a summary judgment has to be served.[8] Hence it has to be in writing. Oral motions for summary judgments in Federal courts are not authorized or provided for in Rule 56 or elsewhere.

There being no motion for a summary judgment, there were no supporting or opposing affidavits. One deposition—that of Clyde L. Ogden, a witness for appellee—was filed on July 19, 1956. The judgment was entered on August 2, 1956.

■ That no motion for a summary judgment was ever served by appellee is a sufficient reason for reversing the judgment. However, even if such a motion had been served by appellee, the judgment would have to be reversed for the following reasons:

■ In granting the judgment, the District Court did not state, nor was it true, that the pleadings, deposition and admissions on file showed that there was no genuine issue as to any material fact.[9] Therefore, instead of a summary

1. See Rule 7(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

2. See Rule 8(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

3. See Rule 36(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

4. There was no prayer for a summary judgment.

5. See Rule 7(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

6. See Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

7. The day before the stipulation was filed.

8. See Rule 56(c), supra.

9. See Rule 56(c), supra.

judgment, there should have been a trial.[10]

Judgment reversed and case remanded for trial.

---

10. State of Washington v. Maricopa County, 9 Cir., 143 F.2d 871; Detsch & Co. v. American Products Co., 9 Cir., 152 F.2d 473; Hoffman v. Babbitt Bros. Trading Co., 9 Cir., 203 F.2d 636; Hycon Mfg. Co. v. H. Koch & Sons, 9 Cir., 219 F.2d 353; Guerrero v. American-Hawaiian Steamship Co., 9 Cir., 222 F.2d 238; Zimmerman v. Emmons, 9 Cir., 225 F.2d 97; Carr v. City of Anchorage, 9 Cir., 243 F.2d 482; Cox v. English-American Underwriters, 9 Cir., 245 F.2d 330; New & Used Auto Sales v. Hansen, 9 Cir., 245 F.2d 951; United States v. Gardner, 9 Cir., 244 F.2d 952.