**Dale C. OLER, Appellant
(Claimant Below),**

v.

**The SUPERVISED ESTATE OF Marcia HUCKLEBERRY, Deceased, Appellee
(Respondent Below).**

No. 67A–04–8607–CV–195.

Court of Appeals of Indiana,
Fourth District.

March 5, 1987.
Rehearing Denied May 15, 1987.

Richard L. Brown, Jr., Indianapolis, for appellant.

Stephen S. Pierson, Greencastle, for appellee.

MILLER, Judge.

Dale Oler appeals the trial court's denial of his Trial Rule 60(B) Motion for Relief From Judgment. Oler's counsel had failed to respond to a summary judgment motion and failed to appear at the hearing. However, the original date for the hearing had been advanced by 30 days and Oler's counsel claimed he was not notified. Oler argues lack of notice because of faulty pro-

cess and the resulting absence of Oler's attorney through no fault of the party constitute excuseable neglect under T.R. 60(B)(1) and the trial court abused its discretion in denying his motion. We agree and reverse and remand to the trial court with instructions to grant Oler's T.R. 60(B) motion and set the cause for trial.

## FACTS

Oler filed a claim against the estate of Marcia Huckleberry seeking $35,000 compensation for services rendered in caring for Huckleberry during her waning years. Normal discovery including interrogatories and depositions were completed by the parties. A pre-trial conference was held and the case was set for trial by jury on April 28, 1986. On February 5, 1986 the Estate moved for summary judgment and the following day the court issued an order setting the summary judgment hearing for April 7, 1986.

On February 10, 1986 upon receipt of the trial court's order setting summary judgment hearing for April 7, 1986, the Estate attorney's secretary telephoned the court reporter and requested the hearing be rescheduled due to a conflict. The court reporter reset the hearing for March 7, 1986, 30 days earlier than originally scheduled. She then made a docket entry reflecting the change and her records indicate she both called and mailed a copy of the docket entry to all attorneys. The Estate attorney's secretary did not file a Motion to Reschedule Summary Judgment Hearing, and serve a copy on opposing counsel, nor did the secretary telephone opposing counsel's office to advise him of the rescheduled hearing.

Oler's attorney was unaware of the rescheduled hearing; did not file affidavits before March 7; and failed to appear at the hearing. On March 7, the trial court granted summary judgment in favor of the Estate, thirty days earlier than the original hearing date. The record does not show whether or not a hearing was conducted on March 7 in the absence of Oler's attorney.

On March 18, Oler filed a T.R. 60(B)(1) Motion for Relief From Judgment, alleging "mistake, surprise, or excuseable neglect." Oler's attorney asserted he was never given notice by the court or opposing counsel of the March 7 hearing and that his failure to attend the hearing was therefore excuseable. The trial court held a hearing on Oler's T.R. 60(B)(1) motion on April 8. Oler's attorney stated by affidavit that he did not receive notice of the change in hearing dates from either the court or opposing counsel. One of the three secretaries employed by his firm testified that it is her practice to take phone messages and place them in a slot for each attorney. The other two secretaries in Oler's attorney's firm did not testify. The court reporter testified that when re-scheduling events it is her practice to notify both by phone and by mail. She testified that "cr/attys" next to an entry on the docket sheet indicates she has contacted the attorneys by phone and that a check mark after "cr/attys" indicates she has mailed them a copy of the docket sheet. The docket sheet entry at issue stated:

2/10/86 on motion of counsel for the estate, hearing on Motion for Summary Judgment or Partial Summary Judgment reset for March 7, 1986 at 11:00 a.m. cr/attys (check mark) 90–403.

The Estate counsel's secretary stated that she received notice both by phone and mail. However, the docket sheet reveals no "Motion to Reschedule Summary Judgment Hearing" and no "Order" setting the date for a rescheduled hearing. On April 9, 1986, the trial court denied Oler's T.R. 60(B)(1) Motion for Relief from Judgment.

### Issue

Oler now appeals, raising several issues which we have consolidated into one:

Did the trial court abuse its discretion by denying Oler's T.R. 60(B)(1) motion?

## DECISION

■ Oler contends the trial court abused its discretion by denying him relief from summary judgment. Our standard of review concerning abuse of discretion is well-settled. An abuse of discretion will be found only where the court's judgment is

"clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800, 802. There is, however, no general rule as to what constitutes excuseable neglect under T.R. 60(B). *See, Boles v. Weidner* (1983), Ind., 449 N.E.2d 288. Absence of a party's attorney through no fault of the party and lack of notice because of faulty process have been held to constitute excuseable neglect. *See* 4 W. Harvey & Townsend, Indiana Practice § 60.10 (1971).

Oler's attorney argues a lack of notice excused his failure to appear at the hearing. Oler first argues the Estate's attempt to re-schedule the hearing by phone was insufficient under Ind. Rules of Procedure, Trial Rule 7(B) which provides:

"Unless made during a hearing or trial, *or otherwise ordered by the court,* an application to the court for an order shall be made by written motion. The motion shall state the ground therefor and the relief or order sought. The requirement of notice is satisfied by service of the motion."

(emphasis added). Ind. Rules of Procedure, T.R. 7(B).

The Civil Code Study Commission Comments regarding Rule 7(B) state:

"This subdivision is based on Rule 7(b) of the Federal Rules. This subdivision explains the use of motions under the new procedure and *provides that all pretrial motions shall be made in writing.* While the prior practice did not always require written motions, the commission feels that a better record will result if all motions are required to be in writing." (emphasis added).

Professor Harvey states in *Indiana Practice* 7.4 oral motions:

"Oral motions are permitted to be made during a hearing or trial, or as ordered by the court. A hearing on a written motion previously made is not a 'hearing' within this provision of the Rule. (citation omitted). *Oral motions must be incidental to the hearing; they may not be made to seek a determination upon matter other than that for which the hearing was noticed.* Motions to strike evidence or for a mistrial or a judgment on the evidence may be properly made orally."

(emphasis added).

Oler argues no motion was filed with the court to reset the summary judgment and that the Estate admits Oler was never contacted regarding rescheduling. Oler further asserts the court's records clearly show the only "Order" setting the summary judgment hearing was a written order signed February 6, 1986 setting the hearing for April 7, 1986 at 1:00 p.m.

The record reveals, and the parties do not dispute, that the "oral motion" to reset the hearing was made by the secretary of the Estate's attorney. This is not proper under our procedural rules. We are unaware of any rule or authority which acknowledges the propriety of an attorney's secretary making motions, oral or written, on behalf of the attorney's client. Even if the language of T.R. 7(B)—which includes the phrase "or otherwise ordered by the court", language which is absent from the federal rule [1]—contemplated the trial court

---

1. Federal Rule of Civil Procedure, Rule 7(b) provides:

(b) Motions and Other Papers.
(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
(2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.
(3) All motions shall be signed in accordance with Rule 11.

It could be argued that this phrase—"or otherwise ordered by the court"—has no meaning based on the conclusion of both the Civil Code Commission and Professor Harvey that the Indiana rule and the federal rule are identical. The court might regard this language as mere surplusage. It is extremely difficult to conceive of a situation in which the trial court would permit oral motions outside trial.

receiving oral motions within its discretion, this discretion does not extend to receiving oral requests over the telephone from secretaries. An informal request to the court reporter by an attorney's secretary, without notice to the opposing party and without an order by the Judge following the request, is not a "motion". The trial court failed to issue an Order authorizing or granting a motion to reschedule the hearing. T.R. 7(B) clearly requires the trial court, if exercising its discretion in receiving oral motions, to issue a written order. T.R. 5 then requires written notice to the parties of a court order, including a court order receiving and granting an oral motion.

■ Oler has not been allowed his day in court and was effectively defaulted on his claim when the court rescheduled the summary judgment hearing thirty days before the only Order issued by the court on February 6, 1986 setting April 7, 1986 as the hearing date.[2] Indiana decisions reveal a "strong judicial preference for deciding cases on their merits and giving the litigants their day in court." *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628, 637; *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147, 1153; *Carvey v. Indiana*

*National Bank* (1978), 176 Ind.App. 152, 374 N.E.2d 1173. In addition, our courts disfavor default judgments and any doubt should be resolved in favor of the defaulted party. *See, Fulton v. Van Slyke, supra; Henderson v. American Optical* (1981), Ind.App., 418 N.E.2d 549.

■ Under the circumstances presented here, the trial court abused its discretion under T.R. 7(B) by accepting an oral request from a secretary, failing to issue an order regarding this request and the requisite notice under T.R. 5, and in subsequently denying Oler's T.R. 60(B)(1) motion for relief from judgment.

Reversed and remanded with instructions to grant Oler's T.R. 60(B)(1) motion and to set the cause for trial.

CONOVER, P.J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I respectfully dissent. A careful review of the record reveals that Oler failed to meet his burden of proving lack of notice. Although his attorney stated by affidavit that he did not receive notice of the change in hearing dates, the docket sheet and the

The Federal Rule requires all motions to be made formally and in writing, unless the motion is incidental to or made during a hearing or trial when it may be made orally. *See generally* 5 Wright and Miller, *Federal Practice and Procedure,* § 1193 Oral Motions (1969); 2A Moore, *Moore's Federal Practice,* § 7.05 Motions and Other Papers (1985).
The federal authorities recognize permitting oral motions to be made incidental to a trial or hearing contemplate both parties are present and aware of the contents of the oral motion. *Jones v. Uris Sales Corp.* (1967), CA2, 373 F.2d 644 (even motion in judge's chambers, which was stenographically reported, was not made "during a hearing or trial" within the meaning of Rule 7(b)(1), party was not prejudiced by the failure to make the motion in writing); *Sequoia Union High School District v. U.S.* (1957), CA9, 245 F.2d 227 (an oral motion for summary judgment after failure of the plaintiff to serve the motion, despite service of notice of intent to move for summary judgment on a given date, is sufficient grounds for reversal); *Raughley v. Pennsylvania R. Co.* (1956), C.A.3, 230 F.2d 387 (informal request to judge for reargument without notice to opposing party and with no order by the judge following the request was not a

motion); *Hammond-Knowlton v. Hartford-Connecticut Trust Co.* (1939), D.C.Conn., 26 F.Supp. 292 (provision for oral motions in Rule 7(b)(1) does not mean that on a hearing of a written motion, a party may interpose a different motion for unrelated relief orally and without notice and thereby circumvent the writing and particularity requirements of the Rule).
We note that if oral motions were permitted by the court, in the absence of either party, then only chaos would result in motion procedure. Since we need not decide this issue to dispose of the case before us, we leave it open.

2. The Estate has acknowledged that if Oler had been permitted to present evidence in response to the Estate's Motion for Summary Judgment, a material issue of fact would be created and the motion consequently denied. The record indicates Mr. Pierson, counsel for the Estate, conceded that if the court granted Oler's T.R. 60(B)(1) motion for relief from judgment, and the summary judgment motion were reconsidered, an affidavit submitted by Oler established a genuine issue of material fact which would require denial of the summary judgment motion and proceeding to trial. (Record, p. 129).

court reporter's testimony indicate that notice was given to the attorney by mail and by phone. The secretary for the estate's attorney testified that she received such notice. Only one of the three secretaries employed by Oler's attorney was present to testify at the hearing on the T.R. 60(B) motion, and her testimony was limited to her practice regarding phone messages. Oler never presented any evidence as to the law firm's practice regarding receipt of mail. He therefore failed to demonstrate that the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it. *Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800, 802. I would affirm the judgment of the trial court.