**In re the MARRIAGE OF Judy RANSOM and John L. Ransom.**

**John L. RANSOM, Appellant (Respondent Below),**

v.

**Judy RANSOM, Appellee (Petitioner Below).**

**No. 88S01–8812–CV–1017.**

Supreme Court of Indiana.

Dec. 22, 1988.

John M. Plummer, Jr., Plummer & Herthel, Bedford, for appellant.

Gordon D. Ingle, New Albany, for appellee.

SHEPARD, Chief Justice.

John L. Ransom appeals the trial court's refusal to set aside a judgment entered in his absence. He had asserted that he was absent due to mistake, surprise, or excusable neglect under Trial Rule 60(B)(1), Ind. Rules of Procedure. We reverse.

On April 9, 1986, the trial court entered a decree dissolving the marriage between John and Judy Ransom. After the dissolution, John's attorney withdrew to avoid a conflict of interest, and the trial court continued the suit on the other issues. The court allowed a continuance to provide John an opportunity to retain additional counsel.

Judy moved to set the matter for trial. The court fixed the date as September 3, 1986, and notified John. John asked Scott T. Miller to represent him. He took the papers to Miller's office, paid him $200.00 and informed him of the September 3rd trial date.

Aware of a potential ethical conflict, Miller telephoned Judy's counsel, Stanley

Faith, to obtain written permission to make an appearance and also to seek a continuance of the trial date. Faith said he might agree to the continuance because he had a murder trial that could carry over to September 3rd. He also said he would have to talk with Judy about giving permission for Miller to appear. Judy did object to Miller's participation, but Faith never communicated her objection to Miller.

Not knowing of Judy's objections, Miller tried to contact Faith about the written waiver and continuance. Faith was in the murder trial at the time, so Miller called the court where that trial was taking place. He talked with a police officer who indicated that Faith would still be involved with the murder trial on September 3rd. Miller asked the police officer to tell Faith that he called. He then instructed an associate to file an appearance and continuance. Miller's associate mailed these pleadings to the court on September 2nd.

On that same day, Faith instructed his secretary to call the trial court and seek a continuance of the September 3rd trial. Faith's secretary called the trial judge and asked for a continuance. Faith did not file a written motion for continuance, nor did he notify John or Miller of the request.

The trial court granted the continuance and reset the matter for one day later, September 4th. The docket sheet reflects that the court reporter unsuccessfully attempted to notify John of the change by telephone. The trial court did not issue a written order rescheduling the hearing, or send written notice to John. Early in the morning of September 4th, prior to the hearing, Judy telephoned John. She asked if he was going to court. He said no. She said the trial was today. John told Judy the court had continued the matter yesterday. Later that day, the trial court entered judgment on the issues of child custody, support, visitation, property distribution, and payments of debts. Neither John nor Miller attended the final hearing because they were unaware that the trial court had rescheduled the trial.

John filed a motion to set aside the judgment asserting that he did not receive notice of the new date. The trial court conducted a hearing and ruled against him. The Court of Appeals affirmed the trial court in a memorandum opinion. *Ransom v. Ransom*, 517 N.E.2d 119 (Ind.Ct.App. 1987). We grant transfer.

The Court notes that Judy elected not to file a brief. In such cases, we apply a less stringent standard of review. John need only make a prima facie showing of error to merit reversal. *Fagan v. Royer* (1963), 244 Ind. 377, 193 N.E.2d 64.

The case is governed by Trial Rule 60(B), which provides in part:

> On motion and upon such terms as are just the court may relieve a party ... from an entry of default, final order, or final judgment, including a judgment by default for the following reasons:
>
> > (1) mistake, surprise, or excusable neglect. . . .

A decision to set aside a judgment under Trial Rule 60(B)(1) is committed to the trial court's discretion. *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332. The trial court should use its discretion to do what is "just" in light of the unique facts of each case. Such discretion should be exercised in light of the disfavor in which default judgments are held. *See Cua v. Ramos* (1982), Ind., 433 N.E.2d 745. This Court has not enunciated a general definition of excusable neglect. Rather, the decisions are made on a case-by-case basis. *Siebert*, 446 N.E.2d at 340.

The case is somewhat similar to *Oler v. Supervised Estate of Huckleberry* (1987), Ind.App., 504 N.E.2d 349. In *Oler*, a secretary of the estate's attorney made an oral motion to reschedule a summary judgment hearing. The court reporter reset the hearing thirty days earlier than originally scheduled. She then made a docket entry reflecting the change. Her records indicate she called and mailed a copy of the docket entry to each attorney. The estate's attorney did not file a written motion nor did he telephone the opposing counsel to advise him of the rescheduling. Oler's attorney was unaware that the summary judgment hearing had been rescheduled and failed to appear. The trial court de-

nied Oler's motion to set aside the judgment under Trial Rule 60(B)(1). Judge Miller of the Court of Appeals wrote that oral motions are not proper under our procedural rules and that the secretary did not have the authority to make any motion, oral or written, on behalf of the attorney's client. *Id.* at 351. The court held that it was an abuse of discretion to deny Oler's motion to set aside.

 In this case, John Ransom thought Miller had made an appearance and continued the trial. John promptly tried to set aside the judgment once he was aware of it and nothing in the record indicates that he deliberately or willfully missed the trial to delay resolution of the dispute. Absence of a party's attorney through no fault of the party and lack of notice because of faulty process constitutes excusable neglect within the meaning of Trial Rule 60(B)(1). *Oler,* 504 N.E.2d at 351 (citing 4 Harvey & Townsend, Indiana Practice § 60.10 (1971)).

Our rules also direct how motions shall be made. Trial Rule 7(B) states:

> Unless made during a hearing or trial, or otherwise ordered by the court, an application to the court for an order shall be made by *written* motion.... The requirement of notice is satisfied by service of the motion. (emphasis added)

Faith never made a written motion to continue the hearing and never notified John that the hearing had been continued to September 4th. Faith attempted to contact Miller, but he did not reach him. John received some notice from his former wife a few hours before the trial. In response to the call, he went to Miller's office where a secretary informed him that the matter had been continued.

 In addition to showing that the trial court erred, John must also show prejudice. A party seeking to attack a judgment must allege a meritorious defense to the judgment. *Gill v. Wilke* (1970), 253 Ind. 576, 255 N.E.2d 662. The Court requires a prima facie showing of a meritorious defense in order to promote efficiency. To set aside a judgment without the possibility of a different result would be a "vain or use-

less thing...." *Cantwell v. Cantwell* (1957), 237 Ind. 168, 178, 143 N.E.2d 275, 280, *cert. denied,* 356 U.S. 225, 78 S.Ct. 700, 2 L.Ed.2d 712.

In John's motion to set aside the judgment, he alleged that due to Faith's conduct he was at a disadvantage because he did not know of the new hearing date and was unable to present his evidence to the court. John testified at the hearing that the property division was unfair. He said his wife received eighty-five percent of the couple's net worth. This is sufficient prejudice to entitle John to his day in court. The trial court should have granted John's motion to set aside.

The opinion of the Court of Appeals is vacated. The trial court's judgment is reversed. We direct the trial court to grant John Ransom's Trial Rule 60(B)(1) motion and to set the cause for trial.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.