Keith MATSON, Appellant/Respondent,

v.

Kimberly MATSON, Appellee/Petitioner.

No. 05A02–9008–CV–464.[1]

Court of Appeals of Indiana,
Fifth District.

April 17, 1991.

Chris M. Teagle, Dale E. Hunt, Dunnuck, Teagle & Hunt, Muncie, for appellant/respondent.

BARTEAU, Judge.

Keith Matson appeals from a decision denying him credit for overpayment of child support. He asserts the trial court erred in concluding that the overpayment was a voluntary gift. We conclude that the overpayment was not voluntary and reverse.

Because the appellee has not filed a brief, we may reverse the trial court if the appellant makes a *prima facie* showing of reversible error. *Champion Home Builders Co. v. Potts* (1989), Ind.App., 538 N.E.2d 280. *Prima facie* error is error appearing at first sight, on first appearance, or on the face of the argument. *Johnson County Rural Electric Membership Corp. v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991.

There is a general rule that child support payments cannot be applied prospectively to support not yet due at the time of the overpayment. *Haycraft v. Haycraft* (1978), 176 Ind.App. 211, 375 N.E.2d 252, 255. The rationale behind the rule is that it would be unjust for a noncustodial parent to voluntarily build up a substantial credit and then suddenly refuse to make support payments for a period of time. This would thwart the court's purpose of providing regular, uninterrupted income for the benefit of the children. The regularity and continuity of court decreed support payments are as important as the overall dollar amount of those payments. *Id.*

In this case, the trial court found that because of an April 1989 tax intercept payment, Matson had overpaid support. The record is very limited. There is no transcript of testimony, only a recitation of the petitions filed by the parties and the rulings of the court. These indicate that Matson had been in arrears in child support in varying degrees from the earliest days of the divorce in 1982, and that had he paid the child support ordered he would have paid $5,820.00. It further shows that he has paid $8,923.17 by way of regular payments and income tax interceptions. The trial court further found that Matson now earns only $100.00 per week and has earned as little as $25.00 per week during the time the parties have been divorced. The record also reflects that Matson was not represented by counsel at any time until the petition here being appealed was filed.

With this history, the trial court found the monies received in excess of the ordered payments were made voluntarily because Matson did not file a petition for reimbursement until a year after the tax intercept payment of April 1989. Although he does not specifically use the term "laches", it appears that the trial judge held that Matson failed to timely pursue his rights for reimbursement.

Laches requires the presence of three elements: (1) inexcusable delay in asserting a right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party. *Simon v. City of Auburn Board of Zoning Appeals* (1988), Ind.App., 519 N.E.2d 205, 215. The last tax intercept was in April 1989. The petition to adjudicate support was filed by Matson on April

2, 1990. This court does not conclude that this one (1) year period is "an inexcusable delay in asserting a right." Moreover, the record reflects no change in circumstance which caused prejudice to the adverse party. Therefore the defense of laches is not applicable to this case.

While the record does not reflect the amounts of money withheld and applied to child support by way of a tax interception, it is safe to assume that without the money received from the tax interception Matson would still be in arrears. The procedure utilized for tax interception is initiated by an agency, not by an obligor. The obligor is entitled to notice and a hearing, but once the validity of the debt is found, the obligor has no right to refuse to allow the interception. Ind.Code 6–8.1–9–1 et seq.

The Federal Statute authorizing a tax intercept specifically provides that excess amounts withheld shall be paid to the obligor:

"In any case in which an amount was withheld under paragraph (1) or (2) and paid to a State, and the State subsequently determines that the amount certified as past due support was in excess of the amount actually owed at the time the amount withheld is to be distributed to or on behalf of the child, the State shall pay the excess amount withheld to the named individual thought to have owed the past-due support...."

42 U.S.C.A. 664(a)(3)(D).

The excess amount withheld should have been paid to Matson. The overpayment resulting from the inappropriate application of the tax interception cannot be construed to be a "voluntary" overpayment of child support or a gratuity.

This cause is reversed and remanded to the trial court for a determination of the child support payment record in accordance with this opinion.

REVERSED AND REMANDED.

SHARPNACK and BAKER, JJ., concur.