**Michael A. MOORE and Brenda K. Moore, Appellants–Plaintiffs,**

v.

**TERRE HAUTE FIRST NATIONAL BANK, Norman L. Lowery and Arnold H. Brames, Appellee–Defendants.**

No. 61A01–9105–CV–137.

Court of Appeals of Indiana, First District.

Dec. 19, 1991.

Rehearing Denied Feb. 17, 1992.

---

Jon R. Pactor, Indianapolis, for Michael A. Moore and Brenda K. Moore.

Robert G. Weddle, Nina Quay–Smith, Bingham, Summers, Welsh & Spilman, Indianapolis, for Terre Haute First Nat. Bank.

William H. Vobach, Derek L. Mandel, Locke, Reynolds, Boyd & Weisell, Indianapolis, for Norman L. Lowery.

Thomas H. Bryan, Fine & Hatfield, Evansville, for Arnold M. Brames.

BAKER, Judge.

Defendant-appellees Terre Haute First National Bank (the Bank), attorney Norman Lowery, and attorney Arnold Brames each secured a dismissal with prejudice for failure to prosecute under Ind.Trial Rule 41(E) against plaintiff-appellant Michael Moore.[1] Moore timely sought relief from judgment under Ind.Trial Rule 60(B)(1). The trial court denied relief, and Moore now appeals, claiming the trial court erred

---

1. Moore's wife's claims were also dismissed, but she has not appealed. Accordingly, we will generally refer to Moore in the singular.

in denying his motion for T.R. 60(B) relief. We reverse.

## FACTS AND PROCEDURAL HISTORY

On November 16, 1989, Moore and his wife, by counsel Leslie Simpson, initiated this action by filing their complaint in Vigo Circuit Court. They alleged fraud against the Bank, fraud and legal malpractice against Lowery for his acts as the Bank's attorney, and legal malpractice against Brames for his acts as the Moores's attorney. All of the allegations stemmed from a judgment lien in favor of the Bank which, after being satisfied, erroneously remained listed as a cloud on the title of a parcel of land owned by the Moores.

After receiving defense motions to dismiss, to strike, and to change venue, attorney Simpson filed an amended complaint for the Moores in Parke Circuit Court on January 10, 1990. Simpson, facing disciplinary proceedings before the Indiana Supreme Court, took no further action on the case other than to file motions for continuances, even though the defendants filed additional motions to dismiss under Ind.Trial Rule 12 and motions for summary judgment under Ind.Trial Rule 56. Simpson tendered his resignation from the practice of law, and on July 30, 1990, the Indiana Supreme Court accepted Simpson's resignation effective August 15, 1990. *See Matter of Simpson* (1990), Ind., 557 N.E.2d 660.

On August 6, 1990, one week after our supreme court accepted attorney Simpson's resignation, Simpson moved for a continuance of the final pre-trial conference scheduled for that day and properly served copies of the motion on all defense counsel. The reasons for the requested continuance were the "unavailability and withdrawal of counsel." *Record* at 76. The court granted the motion. On October 8, Brames moved for a hearing on all pending motions, and the court set the hearing for November 16, 1990. Moore's affidavit states he had no notice of the hearing date, *Record* at 111, and nowhere in the record is

there evidence to the contrary. In early November, all three defendants, citing Simpson's withdrawal from the case, moved for dismissal for failure to prosecute under T.R. 41(E), and sent copies of the motions to Simpson, but not to Moore. Moore did not appear at the November 16 hearing, and the trial court granted all the defense T.R. 41(E) motions.

In early December, counsel for the Bank, after consultation with counsel for Brames, informed Moore of the T.R. 41(E) judgment, and soon thereafter, Moore learned for the first time of Simpson's resignation from the Bar. As with notice of the hearing itself, the record does not reveal the court clerk complied with the requirement of Ind.Trial Rule 72(D) that parties be sent notice of judgments and rulings on motions in accordance with Ind.Trial Rule 5. Moore then retained his present counsel, who entered an appearance on December 14, and filed a T.R. 60(B) motion for relief from judgment. The trial court held a hearing on the motion on January 11, 1991, and denied the motion five days later.

## DISCUSSION AND DECISION

The trial court dismissed Moore's claims with prejudice under T.R. 41(E) for failure to prosecute. To take remedial action in that situation, Moore had the choice of initiating a direct appeal, *see Hooker v. Terre Haute Gas Corp.* (1974), 162 Ind. App. 43, 317 N.E.2d 878, or filing a T.R. 60(B) motion for relief from judgment as authorized by T.R. 41(F). Moore chose the latter option, alleging the failure to prosecute was the result of "mistake, surprise, or excusable neglect." T.R. 60(B)(1).

T.R. 60(B) exists primarily as the avenue of redress for defaulted defendants under Ind.Trial Rule 55 and for dismissed plaintiffs under T.R. 41.[2] The case law ruling on T.R. 60(B)(1) proceedings brought by T.R. 55 defendants requires the movant not only to show that the default judgment was the result of "mistake, surprise, or excusable neglect," but also to show a mer-

---

**2.** T.R. 60(B) allows the trial court to "relieve a party ... from an entry of default, final order, or final judgment, including a judgment by de-

fault...." Relief is thus also available to parties that have not been dismissed or defaulted. *See In re Ransom* (1988), Ind., 531 N.E.2d 1171.

itorious defense as well. *See, e.g., Indiana Dep't of Natural Resources v. Van Keppel* (filed Dec. 18, 1991), Ind.App., 583 N.E.2d 161; *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, *trans. denied*. The movant must make a *prima facie* showing that a different result would be reached if the case were tried on its merits. *Indiana Dep't of Natural Resources, supra*. The rationale for the meritorious defense requirement is to prevent the waste of time and resources in the performance of a useless ritual. *Bross v. Mobile Home Estates, Inc.* (1984), Ind.App., 466 N.E.2d 467, 469. That is, if a movant for T.R. 60(B) relief has no case, the granting of 60(B) relief would be but a certain precursor to another judgment for the non-movant.[3]

Because our courts have not previously explicitly analyzed the meritorious defense requirement in the context of T.R. 60(B) proceedings brought by T.R. 41 plaintiffs,[4] the parties contest the requirement's applicability to such proceedings. Although not discussed by the parties, decisions of this court have in fact shown approval of the meritorious claim requirement. *See Westlake v. Benedict* (1984), Ind.App., 469 N.E.2d 27, 30, *trans. denied* (quoting *Fulton v. Van Slyke* (1983), Ind. App., 447 N.E.2d 628, 637) (mentioning in passing that the existence of a meritorious claim is one of several factors the appellate tribunal should take into account when reviewing the reinstatement of a dismissed cause of action). Moore, as discussed below, is therefore correct that the meritorious claim requirement normally applies in such a situation.

We are required, if possible, to construe the Rules of Trial Procedure together and in harmony with one another. *Rumfelt v. Himes* (1982), Ind., 438 N.E.2d 980, 983. Were we to dispense with the meritorious claim requirement for T.R. 60(B) motions brought by T.R. 41 plaintiffs, we would ignore this rule of construction and give T.R. 60(B) proceedings two standards. When initiated by T.R. 41 plaintiffs, no meritorious claim would be required, though when initiated by T.R. 55 defendants, a meritorious defense would be required. Second, the desire to prevent a useless ritual is as strong and justifiable for dismissed plaintiffs as it is for defaulted defendants. The reinstatement of a frivolous claim is as costly in time and resources as the reinstatement of a frivolous defense.

As Moore also correctly argues, however, the meritorious claim/defense requirement is not absolute. If a judgment is void, whether from faulty process or otherwise, a T.R. 60(B) claimant need not show a meritorious defense or claim. *Morrison v. Professional Billing Serv., Inc.* (1990), Ind.App., 559 N.E.2d 366. Such is the case here.

Attorney Simpson filed his final motion for continuance on August 6, 1990, citing his unavailability and withdrawal as the reasons for the request. He served the motion on all defense counsel. Nine days later, his resignation from the practice of law became effective. *Matter of Simpson, supra*. In October, the trial court set a hearing on all pending motions for November 16, 1990, but Moore received no notice. In early November, the three defendants moved for dismissal, serving Simpson but not Moore. Ind.Trial Rule 5(B) requires service to be made on the attorney of record for a party represented by counsel. When no attorney of record exists, the party must be served. T.R. 5(A).

Here, as evidenced by Simpson's certificate of service attached to the August 6 motion for continuance, and by the language in the defense motions to dismiss, counsel for all the defendants were aware of Simpson's withdrawal. With their knowledge of Simpson's withdrawal

---

3. *See also In re Ransom, supra,* note 2, discussing the meritorious defense requirement in the context of a dissolution respondent who was confused about a post-dissolution hearing date.

4. Of course, in the T.R. 41 context, a "meritorious defense" is actually a "meritorious claim," and we will use the two phrases to distinguish between the T.R. 41 context and the T.R. 55 context.

gleaned from the August 6 motion, the defendants could not serve ex-attorney Simpson and satisfy the requirements of T.R. 5. Granted, Simpson failed to file a formal withdrawal of appearance. The defendants' reliance on this failure, however, is misplaced.[5] The fact of Simpson's resignation from the Bar was generally distributed in the September 5, 1990 edition of the Indiana Cases advance sheet of the Northeastern Reporter. *Matter of Simpson*, (1990), Ind., 557 N.E.2d 660. Accordingly, even with the benefit of the doubt to which the defendants are entitled as the non-movants in a T.R. 60(B) proceeding, *see Taco Bell Corp. v. United Farm Bureau Mut. Ins. Co.* (1991), Ind.App., 567 N.E.2d 163, 165, *trans. denied*, the defendants knew or should have known of Simpson's resignation no later than mid-September. As the holdings in *In re Duke* (1990), Ind.App., 552 N.E.2d 504, *trans. denied*, and *Boss–Harrison Hotel Co. v. Barnard* (1971), 148 Ind.App. 406, 266 N.E.2d 810 make clear, attorneys who fail to read the advance sheets regularly will suffer when recent decisions contravene their acts or positions.

■ It is uncontested that Moore received no notice of the November 16 hearing or its purpose, and we are not persuaded by the defendants' contention that service on ex-attorney Simpson was sufficient. Due process requires notice of certain proceedings after the initiation of a lawsuit, *Abrahamson Chrysler Plymouth v. Insurance Co. of North America* (1983), Ind.App., 453 N.E.2d 317, 321, and Moore was entitled to notice here. The defendants' failure to act on their knowledge of Simpson's resignation and provide Moore with due notice is a fatal failure of compliance with T.R. 5 rendering the judgment of dismissal void *ab initio*. Our conclusion is buttressed by our supreme court's decision in *Rumfelt, supra,* holding that a T.R.

41(E) motion cannot be granted without a hearing. *See also Nichols v. Indiana State Highway Dep't* (1986), Ind.App., 491 N.E.2d 227. Here, the hearing on the T.R. 41(E) motions was *ex parte* because the defendants did not provide adequate notice to Moore. This will not suffice. The *Rumfelt* and *Nichols* decisions unmistakably require an *adversarial* hearing because the plain language of T.R. 41(E) requires the plaintiff be given an opportunity to be heard.[6] The defendants' failure to serve Moore therefore also qualifies as an instance of "mistake, surprise, or excusable neglect" under T.R. 60(B)(1) sufficient to mandate the granting of Moore's motion for relief. *See, e.g., Allstate Ins. Co. v. Neumann* (1982), Ind.App., 435 N.E.2d 591, 595–96 (lack of notice, standing alone, is an adequate ground for equitable relief).

As Justice Jackson stated after his return from the 20th century's great experiment in due process, the International Military Tribunal's war crimes trials in Nuremberg:

> [W]hen notice is a person's due, process which is pure gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 874.

■ Neither are we persuaded by the defendants' contentions that Moore individually should have discussed the status of his case with the clerk to learn of the November 16 hearing. In accord with Ind.Trial Rule 72(D) and what we have already stated about the termination of Simpson's status as attorney of record, the clerk should have mailed notice of the November 16 hearing directly to Moore, but there is no evidence the clerk did so. In-

---

5. Even if, however, we were to attribute the problem solely to Simpson's failure to file a formal withdrawal, we have noted that a dismissal with prejudice or a default judgment may be an excessively harsh sanction when the failure to prosecute or defend is due solely to the gross negligence of the losing party's attorney. *Pinkston v. Livingston* (1990), Ind.App., 554 N.E.2d

1173, 1175–76 (default judgment); *Fulton, supra,* at 637 (dismissal).

6. After ordering a hearing on the motion, "[t]he court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not *show cause at or before such hearing.*" T.R. 41(E) (emphasis added).

deed, the only evidence on this point is Moore's affidavit, in which Moore swears he received no notice. Just as attorneys are entitled to rely on court clerks' T.R. 72(D) notification of rulings on motions, *M & J Services, Inc. v. VMK, Inc.* (1990), Ind.App., 561 N.E.2d 827, 830, so too are litigants. "Absence of a party's attorney [or an unrepresented party] through no fault of the party and lack of notice because of faulty process constitutes excusable neglect within the meaning of Trial Rule 60(B)(1)." *In re Ransom* (1988), Ind., 531 N.E.2d 1171 *supra*, notes 2 and 3, at 1173.

## CONCLUSION

Simpson's resignation from the Bar terminated his representation of Moore. The defendants were aware of Simpson's status, and their failure to act accordingly, that is, to send notice directly to Moore, cannot be condoned.

Because Moore lacked notice of the November 16 hearing or its purpose, the judgment of dismissal was void *ab initio*. The trial court therefore abused its discretion when it overruled Moore's motion to set aside the dismissal.

The judgment of the trial court is reversed and the cause is remanded with instructions to grant Moore's T.R. 60(B)(1) motion and set aside the judgment of dismissal.[7]

RATLIFF, C.J., and ROBERTSON, J., concur.

**7.** We remind the defendants of the rule laid down by our supreme court in *State v. McClaine* (1973), 261 Ind. 60, 300 N.E.2d 342 preventing the success of a T.R. 41(E) motion after a plaintiff resumes prosecution of a case. As Moore's T.R. 60(B) motion and this appeal amply demonstrate, the prosecution of this case is now proceeding. The *McClaine* decision does not, however, prevent the defendants from renewing their various motions for dismissal under T.R. 12 and summary judgment under T.R. 56.