**In re the Marriage of Terri Lee LANGDON, Appellant–Respondent,**

v.

**Lendon Edward LANGDON, Appellee–Petitioner.**

No. 24A01–9405–CV–138.

Court of Appeals of Indiana, First District.

Oct. 24, 1994.

Steven M. Bush, Lawrenceburg, for appellant.

David P. Barrett, Barrett & Wilhelm, Brookville, for appellee.

BAKER, Judge.

Appellant-respondent Terri Lee Langdon appeals the denial of her Ind. Trial Rule 60(B) motion seeking relief from judgment in a dissolution action.

*FACTS*

In May of 1993, Lendon Edward Langdon retained attorney David P. Barrett to represent him to dissolve his marriage with Terri. The facts in the light most favorable to the trial court's judgment reveal that Lendon, prior to retaining Barrett, had discussed and reached an understanding with Terri regarding a divorce and custody visitation agreement. Pursuant to that discussion, Lendon instructed Barrett to draft a separation agreement.

On May 18, 1993, Terri, who was not represented by counsel, went to Barrett's office to read, approve and sign the separation agreement. At that time, Barrett instructed Terri that he was Lendon's attorney and represented only him. Barrett also instructed Terri that in the event she wanted to change any part of the agreement, she should contact him personally or have an attorney contact him on her behalf. Moreover, Barrett gave Terri the opportunity to have another attorney review the agreement. Terri declined stating that she understood the agreement and it was what she wanted. After Barrett agreed to modify the child support payment pursuant to the parties prior understanding, Terri signed the agreement.

Subsequently, in late June or early July of 1993, Terri went to see attorney Steve Cox to discuss setting aside the separation agreement. However, Terri never retained Cox, stating to both Cox and Lendon that she was accepting the existing separation agreement.

Two days prior to the final hearing of July 30, 1993, Terri contacted Lendon and asked him if he had any information about the final hearing. Lendon responded that he had not, when in fact he was aware that the hearing had been set for July 30.[1] When Terri failed to appear at the final hearing, the trial court found her in default, approved the separation agreement, and entered the decree for dissolution of marriage.

Upon learning of the default, Terri filed a T.R. 60(B) motion seeking relief from judgment alleging fraud and excusable neglect. The trial court denied Terri's motion for relief from judgment and Terri now appeals.

### DISCUSSION AND DECISION

■ Terri contends that the trial court erred in denying her motion for relief from judgment. Specifically, Terri alleges that the trial court erred in holding that Lendon had not committed fraud when he failed to disclose the date of the final hearing.[2] A

motion for relief from judgment under T.R. 60(B) is addressed to the equitable discretion of the trial court. *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597, 599. We will reverse the trial court's denial of a T.R. 60(B) motion only for an abuse of discretion. *Shockley v. Williamson* (1992), Ind.App., 594 N.E.2d 814, 815. An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892. The movant has the burden of affirmatively demonstrating to the trial court that relief is necessary and just. *Id.* Moreover, in addition to establishing valid grounds for relief, Indiana requires a party seeking to set aside a judgment to make a prima facie showing of a good and meritorious defense. *Id.* A meritorious defense is one showing if the case was retried on the merits a different result would be reached. *Id.*

■ Assuming that Lendon committed fraud when he misrepresented that he had no knowledge of the hearing date, Terry has failed to show that she was prejudiced. In addition to establishing a valid ground for relief, Terri must also establish a meritorious defense. *See id.* Terri must demonstrate that if a new hearing were held a different result would be reached. At the time Terri signed the separation agreement, she stated that she understood the agreement and it was what she wanted. Although Terri consulted Cox concerning setting aside the separation agreement, she later told both Cox and Lendon that she wanted to go ahead and conform to the terms of the separation agreement. Also, Terri never contacted Barrett asking him to change any part of the agreement. Terri has not shown that had she been given notice of the final hearing that a different result would have been reached. *See Waddell v. Waddell* (1992), Ind.App., 588 N.E.2d 601. The facts indicate that she agreed to the terms of the separation agreement. Terri has failed to meet her

---

1. Terri waived official notice of the hearing date from the clerk's office since she failed to enter an appearance in the matter. *See* Ind.Trial Rules 5(A) and 72(D).

2. Terri does not challenge the trial court's holding that the evidence did not support a finding of excusable neglect.

burden of showing that if a new hearing were held a different result would be reached.

We do not approve Lendon's untruthful response to Terri's inquiry whether he had heard anything concerning the final hearing. However, we agree with Lendon that they did not enjoy a confidential relationship, that he had no duty to inform Terri of the final hearing and that she had no right to rely upon his representation or misrepresentation. She was aware of the pending action and it was incumbent upon her to be or become informed of hearing dates, either through an attorney whom she had retained or directly upon her own initiative.

Judgment affirmed.

NAJAM and HOFFMAN, JJ., concur.