In re the MARRIAGE OF Sherrie
HOLLEY, Appellant–
Respondent,

and

Edward Holley, Appellee–Petitioner.

No. 27A02–9506–CV–308.

Court of Appeals of Indiana.

Dec. 11, 1995.

Transfer Denied May 3, 1996.

Sharon L. Hammond, Greencastle, for Appellant.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Petitioner–Appellant Sherrie Holley (Sherrie) appeals from the denial of her motion to set aside default judgment in favor of Respondent–Appellee Edward Holley (Edward) in their marriage dissolution proceeding.

We reverse and remand with instructions.

*ISSUE*

Sherrie presents several issues for our review, which we consolidate and re-state as follows: Whether the trial court abused its discretion in denying Sherrie's motion to set aside the default judgment entered against her after she failed to enter an appearance.

*FACTS AND PROCEDURAL HISTORY*

After 15 years of marriage, Edward filed for dissolution on July 8, 1994. The parties separated in 1991, and Sherrie was residing in Greencastle, Indiana. Sherrie was served with the summons and complaint via certified mail on July 11, 1994, at her Greencastle address. At the date of service, Sherrie was without sufficient funds to retain counsel. She did not retain counsel until October 26, 1994.

The Chronological Case Summary indicates that the final hearing was initially set for September 9, 1994, at which time it was continued to October 14, 1994. On October 14, 1994, the hearing was reset for November 4, 1994, at which time Edward continued final hearing to December 9, 1994. However, on November 18, 1994, prior to the date set for final hearing, Edward filed a motion for default judgment against Sherrie alleging in pertinent part that "the defendant failed to appear, in person or by counsel, in this cause of action and failed to answer or otherwise plead to plaintiff's petition." (R. 14). The trial court granted the motion, heard evidence presented by Edward and took the matter under advisement pending receipt of the decree. The final decree of dissolution was filed and entered on November 30, 1994.

Counsel for Sherrie entered her written appearance on November 29, 1994. On December 5, 1994, Sherrie filed her motion to set aside the default entry and to continue the cause. The court heard argument on the motion on January 13, 1995, and denied the same on February 6, 1995. Sherrie appeals.

*DISCUSSION AND DECISION*

■ Sherrie contends that the trial court abused its discretion by denying her motion to set aside default entry. Specifically, she argues that without relief and the opportunity to be heard at a full hearing, the trial court is without sufficient evidence to properly determine Edward's child support obligation, matters concerning health insurance

and visitation, and an equitable division of the marital debts and assets.

■■■ Edward failed to file a brief. Where the appellee fails to file a brief, we may reverse the trial court if the appellant makes a *prima facie* showing of reversible error. *Matson v. Matson* (1991), Ind.App., 569 N.E.2d 732, 733. *Prima facie* error is error appearing at first sight, on first appearance, or on the face of the argument. *Id.*

■■■ A motion for relief from judgment under Ind.Trial Rule 60(B) is addressed to the equitable discretion of the trial court. *Langdon v. Langdon* (1994), Ind.App., 641 N.E.2d 673, 674. We will reverse the trial court's denial of a T.R. 60(B) motion only for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* In addition to establishing grounds for relief, the party seeking to set aside a judgment must make a *prima facie* showing of a good and meritorious defense. *Id.* A meritorious defense is one showing that, if the case were retried on the merits, a different result would be reached. *Id.*

Sherrie contends that upon receipt of the summons and complaint she was without sufficient funds to retain an attorney, and remained without sufficient funds until October 26, 1994, when she retained counsel. Sherrie further contends that although she remained at the same address during the pendency of this action, she "received no copies of the trial court's Chronological Case Summary nor any notification from Petitioner's attorney regarding any of the three (3) Final Hearings which had been scheduled, including Petitioner's Motion to Continue the Final Hearing To December 9, 1994." Appellant's Brief at 5. With the exception of a copy of an Agreement Respecting Property Settlement, Custody, Child Support and Indebtedness (Agreement), prepared by Edward's attorney and hand-delivered to Sherrie by Edward, Sherrie received no communication from Edward or his attorney until November 19, 1994. On November 19, Edward informed Sherrie that he had appeared in court the day before and the divorce had been finalized.

Upon retaining counsel in October, Sherrie provided her attorney with all documentation, including the proposed Agreement, and informed counsel of the terms which precluded her from signing the Agreement voluntarily. However, Sherrie's counsel pled in the motion to set aside that, because of a heavy court schedule she had not completed her review of the Agreement as of November 21, 1994, when Sherrie informed her that the divorce had been finalized.

The facts of this case are similar to the facts in *Langdon*, 641 N.E.2d 673. In *Langdon*, Husband retained counsel to draft a separation agreement, the terms for which Husband and Wife had previously agreed to. Wife subsequently went to the offices of Husband's attorney and signed the agreement. Prior to the signing, Husband's attorney explained to Wife that he represented Husband only and that Wife could retain independent counsel if she desired. Prior to the final hearing, Wife went to an independent attorney to inquire about setting aside the agreement, but she did not retain the attorney. Two days prior to the final hearing, Wife contacted Husband and asked if he had any information regarding the final hearing setting. Husband responded that he had no information, when in fact he knew that the hearing was scheduled for July 30, 1993. When Wife failed to appear at the final hearing, the court found her in default, approved the separation agreement, and entered the final decree of dissolution. Upon learning of the default, Wife filed a T.R. 60(B) motion alleging fraud and excusable neglect, which the trial court denied. On appeal, a panel of this court found that Wife agreed to the terms of the separation agreement, and that she failed to show that the result would have been different had she been given notice of the final hearing. *Langdon*, 641 N.E.2d at 674. While we expressed our disapproval of Husband's untruthful response, we said that "[Wife] was aware of the pending action and it was incumbent upon her to be or become informed of hearing dates, either through an attorney whom she had retained or directly upon her own initiative." *Id.* at 675. While

at first blush, *Langdon* appears to be dispositive of the issue before us, *Langdon* is factually distinguishable in two significant ways. First, in *Langdon,* Wife had not retained counsel prior to the entry of the final decree. Second, Wife had acquiesced to the terms of the agreement prior to the entry of the final decree.

■ While we acknowledge that Sherrie waived official notice of the hearing dates from the clerk's office due to her failure to enter an appearance in the matter[1], we find it a reasonable expectation for one who has retained counsel to assume counsel would keep the client informed of all court dates. Sherrie retained counsel on October 26, 1994, and the default was not entered against her until November 17, 1994. Had counsel entered an appearance in a timely manner, Sherrie would not have been denied an opportunity to present evidence in her behalf prior to the entry of the decree. T.R. 60(B)(1) provides as follows:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect . . .

■ There is no general rule as to what constitutes excusable neglect under T.R. 60(B). *In re Marriage of Ransom* (1988), Ind., 531 N.E.2d 1171, 1172; *Oler v. Supervised Estate of Huckleberry* (1987), Ind.App., 504 N.E.2d 349, 351, *reh'g denied, trans. denied.* However, absence of a party's attorney through no fault of the party has been held to constitute excusable neglect. *In re Marriage of Ransom,* 531 N.E.2d at 1173; *Oler,* 504 N.E.2d at 351 (citing 4 Harvey & Townsend, Indiana Practice § 60.10 (1971); *See* Harvey & Townsend, Indiana

Practice § 60.4 (1991); *See also Westlake v. Benedict* (1984), Ind.App., 469 N.E.2d 27, 30, *reh'g denied, trans. denied* ("[a]n attorney's failure to perform his duty to exercise due diligence by regularly checking court records to ascertain the status of pending cases falls within the category of neglect")). Counsel's failure to enter a timely appearance constitutes excusable neglect for which relief is afforded per T.R. 60(B).

■ A showing of excusable neglect alone is not enough to support a motion to set aside. The party seeking to set aside a judgment must also present evidence of a meritorious defense. Some admissible evidence must be shown to the trial court showing that the defaulted party would suffer an injustice if the judgment is allowed to stand. *Whelchel v. Community Hospitals* (1994), Ind.App., 629 N.E.2d 900, 903, *reh'g denied, trans. denied* (citing *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892). In Sherrie's brief filed with the trial court, she argued that if a new hearing were held, a different result would be reached. In support of that contention, she submitted evidence contrary to the court's decree regarding child support, health care insurance, visitation, debts, distribution of marital assets including pension benefits and income tax refunds. We are satisfied that Sherrie has met her burden of showing a meritorious defense.

Based on the foregoing, Sherrie has met the requirements of T.R. 60(B)(1) in that she has presented evidence of excusable neglect and a meritorious defense.

### CONCLUSION

Having made a sufficient showing of excusable neglect and a meritorious defense, Sherrie is entitled to relief from judgment. We therefore reverse and remand with instruc-

---

1. T.R. 5(A) provides in pertinent part that "[n]o service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." The summons received by Sherrie specifically required that she or her attorney answer the complaint within 23 days. The summons further warned that default would result for failure to answer. (R. 13). Because Sherrie never entered an appearance or otherwise contacted the court, she waived the right to receive notice by the clerk's office pursuant to T.R. 5(A). *See Langdon,* 641 N.E.2d at 674, n. 1; *See also Waddell v. Waddell* (1992), Ind.App., 588 N.E.2d 601, 602, *reh'g denied, trans. denied* (Husband waived his right to notice of final hearing date due to his failure to enter an appearance within 20 days of service of summons).

tions for the trial court to grant Sherrie's motion to set aside the decree and to set the matter for a full hearing where Sherrie will be afforded the opportunity to be heard.

Reversed and remanded.

DARDEN, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent. Although I agree with the statement of the law set forth in the majority opinion, I disagree with its application in the present case.

Here, Wife's counsel was retained more than ninety days after process was served and more than twenty days prior to Husband's motion for default. The record does not indicate that Wife's counsel took any action until after the court entered the default. Although the action had been pending for more than ninety days at the time counsel was hired, counsel did not enter an appearance in the dissolution proceeding; she did not seek additional time to respond; and she did not contact opposing counsel. Counsel took no action whatsoever to notify the trial court, Husband or Husband's attorney that she was representing Wife in the proceeding. Although such failures constitute neglect, there is no showing that they were excusable. I would affirm the trial court's order denying relief from the default judgment.