## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 31 2015, 10:42 am

CLERK
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

Beverly R. Newman, Ed. D.
Bradenton, Florida

**ATTORNEY FOR APPELLEE**

Arthur C. Johnson, II
Johnson, Stracci & Ivancevich, LLP
Merrillville, Indiana

I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Beverly R. Newman, Ed.D., <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Meijer, Inc., <br> *Appellee-Defendant.* | March 31, 2015 <br><br> Court of Appeals Case No. <br> 49A05-1409-PL-469 <br><br> Appeal from the Marion Superior Court. <br> The Honorable James B. Osborn, Judge. <br> The Honorable H. Patrick Murphy, Magistrate. <br> Cause No. 49D14-1010-PL-43302 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1]     Beverly R. Newman appeals from the trial court's denial of her motion to set aside the dismissal of her complaint.  We reverse and remand.

# Issue

Newman raises six issues, which we consolidate and restate as: whether the trial court erred in declining to set aside its dismissal of Newman's complaint for failure to prosecute.

# Facts and Procedural History

Newman, by counsel Lawrence T. Newman, filed a civil complaint against Meijer, Inc., on September 28, 2010. She alleged that she sustained injuries and personal property damage as a result of a fall at a Meijer store in Indianapolis. Newman asserted claims of negligence, gross negligence, and intentional infliction of emotional distress. She also requested punitive damages.

On October 18, 2010, Meijer served discovery requests upon Newman. On November 29, 2010, Meijer advised Newman that it had not yet received responses to its discovery requests. On December 20, 2010, Meijer filed a motion to compel. Newman sent discovery responses to Meijer on December 28, 2010. Meijer withdrew its motion to compel.

On February 22, 2011, Meijer filed a second motion to compel discovery, asserting that Newman had not fully responded to an interrogatory. The trial court granted Meijer's motion, ordering Newman to answer the interrogatory on or before March 31, 2011.

On April 12, 2011, Meijer filed a motion for sanctions, asserting that Newman had not complied with the trial court's motion to compel. On April 15, 2011,

the court granted the motion and dismissed the case with prejudice. Next, the court scheduled a hearing on Meijer's request for expenses, costs, and attorney's fees. The court later rescheduled the hearing because "plntiff [sic] has not had timely notice of hearing." Appellant's App. p. 2. Next, Newman filed a motion to vacate sanctions, and Meijer filed a response. The record does not reflect that the trial court vacated its dismissal of the case, but the case continued and no financial sanctions were imposed.

[7] On June 10, 2011, Newman served discovery requests upon Meijer. On November 8, 2011, Newman emailed Meijer to advise that Meijer's discovery responses were over four months late.

[8] On January 25, 2012, Attorney Robert A. Zaban entered an appearance for Newman. On that same date, Lawrence T. Newman requested leave to withdraw from the case. The court granted Attorney Newman permission to withdraw. On August 9, 2012, Newman emailed Meijer to again request that Meijer respond to Newman's June 10, 2011 discovery requests. On August 30, 2012, Meijer sent discovery responses to Newman.

[9] On July 10, 2013, Attorney Zaban filed a motion to withdraw from the case. The court granted the motion, and Newman proceeded pro se from that point.

[10] On October 31, 2013, Newman filed with the court a Notice of Service of First Interrogatories Propounded to Defendant Meijer, Inc. Her mailing address was included in the motion. In January 2014, Newman and Meijer exchanged correspondence regarding discovery.

On February 21, 2014, the trial court scheduled a "Hearing on Motion for 41E Dismissal" for April 28, 2014. The court acted on its own motion. According to the Chronological Case Summary, the notice was sent to Meijer's counsel but not to Newman. The notice scheduling the hearing indicated that Newman had "No Known Address." Appellant's App. p. 24.

At the April 28, 2014 hearing, Meijer appeared but Newman was absent. The trial court noted that the hearing was for a 41(E) motion and stated, "Notice to both parties." Tr. p. 3. Meijer confirmed for the court that Newman was representing herself. The court concluded, "The notice does go to her, and she does not appear. The defendant does appear by counsel, and the Court is dismissing per Trial Rule 41(E)." *Id.* at 4. The court noted the dismissal of the case in its handwritten minutes but did not issue an order of dismissal.

On July 14, 2014, Newman filed a motion to compel discovery responses and a request for sanctions. The court denied the motion, noting that the case had been dismissed on April 28, 2014, for failure to prosecute.

On August 4, 2014, Newman filed a Verified Motion to Vacate Order Dismissing Case. The court denied the motion without a hearing. Next, Newman filed a motion to correct error, which the court denied without a hearing. This appeal followed.

# Discussion and Decision

[15] Newman claims that the trial court erred by failing to set aside the dismissal of her complaint because she did not receive adequate notice of the hearing and was denied an opportunity to argue that dismissal was inappropriate.

[16] The trial court dismissed Newman's complaint pursuant to Indiana Trial Rule 41(E). That rule provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

*Id.*

[17] After a case has been dismissed pursuant to Trial Rule 41(E), a party may seek reinstatement as follows:

> For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

Ind. Trial Rule 41(F).

[18] Trial Rule 60(B) provides, in relevant part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

* * * * *

(6) the judgment is void;

* * * * *

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

[19] The burden is on the movant to establish grounds for relief under Trial Rule 12(B)(6). *Deutsche Bank Nat. Trust Co. v. Harris*, 985 N.E.2d 804, 813 (Ind. Ct. App. 2013). This court normally employs an abuse of discretion standard in reviewing a trial court's ruling on a motion to set aside a judgment. *Id.* When a motion for relief from judgment is made pursuant to Trial Rule 60(B) alleging that the judgment is void, discretion on the part of the trial court is not at issue because either the judgment is void or it is valid. *Id.*

[20] Newman argues that the trial court dismissed the case in violation of her right to due process under the Fourteenth Amendment to the United States Constitution and article one, section 12 of the Indiana Constitution because she did not receive notice of the hearing and an opportunity to contest the dismissal for failure to prosecute. A judgment is void if it is entered without due process. *Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind. 1998).

[21] The United States Supreme Court has stated, "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). "Process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315.

[22] In this case, the record is clear that notice was not sent to Newman. The Chronological Case Summary reflects notice was sent to Meijer but not Newman. The order scheduling the 41(E) hearing stated that Newman had "No Known Address." Appellant's App. p. 24. This statement was incorrect, because Newman had previously filed with the trial court a Notice of Service of First Interrogatories that contained her address. In addition, Meijer concedes

that Attorney Zaban's motion to withdraw contained Newman's address.[1] Appellee's Br. p. 24. Newman has stated, without citation to evidence to the contrary from Meijer, that she did not receive notice of the hearing. Thus, the Rule 41(E) hearing was ex parte due to lack of adequate notice, and the dismissal order was void. *See Moore v. Terre Haute First Nat'l Bank*, 582 N.E.2d 474, 478 (Ind. Ct. App. 1991) (trial court erred in denying motion to set aside dismissal under Rule 41(E); plaintiff had not received notice of the defendants' motion to dismiss for failure to prosecute). The trial court erred in denying Newman's motion to set aside the order of dismissal for failure to prosecute. *See id.*

[23] Meijer claims Newman received adequate notice. Specifically, Meijer notes that the trial court said twice during the hearing that Newman had received notice. Meijer states that because the court was aware that Newman was proceeding pro se, the court also could have been aware of Newman's pro se mailing address in the court's file and that notice may have been sent to that address. Meijer's argument is mere speculation. The trial court and this Court are limited to the evidence in the record. The order scheduling the hearing indicated that Newman had no known address, and Meijer points to no evidence to dispute Newman's claim that she failed to receive notice of the

---

[1] Attorney Zaban's motion to withdraw has not been included in the record.

hearing. Based on this record, the trial court's statements during the hearing were in error.

[24] Meijer also argues the trial court properly denied Newman's motion to set aside the dismissal because she failed to establish a meritorious claim or defense. Ordinarily, a party appealing the denial of a motion made under Trial Rule 60(B) must establish a meritorious claim or defense. *Deutsche Bank*, 985 N.E.2d at 813. If a judgment is void, whether from faulty process or otherwise, a T.R. 60(B) claimant need not show a meritorious defense or claim. *Id.* Here, Newman has alleged and demonstrated that the dismissal order was void for lack of due process, so Meijer's argument is without merit.[2]

[25] This case is over four years old and needs to be moved along. We express no opinion on the merits of the trial court's decision under Rule 41(E). Nothing in this memorandum decision prevents the trial court from ordering another 41(E) hearing if the requirements of the rule and all procedural prerequisites are met.

## Conclusion

[26] For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings consistent with this decision.

---

[2] Newman argues that dismissal for failure to prosecute was inappropriate because she took action to move the case forward during the sixty days prior to the court's scheduling of a Trial Rule 41(E) hearing. She further argues that dismissal was inappropriate because Meijer breached a duty to inform the trial court of her address and of the fact that she had taken action in the case during the sixty days prior to the court scheduling the 41(E) hearing. It is unnecessary for us to address these arguments due to the manner in which we have resolved this appeal.

Reversed and Remanded.

Riley, J., and May, J., concur.