MUNSTER COMMUNITY HOSPITAL, Cardiac Care Consultants, P.C., Shashidhar Divakaruni, M.D., and Jay C.L. Paik, M.D., Appellants,

v.

Thomas BERNACKE, Appellee.

No. 45A03–0612–CV–598.

Court of Appeals of Indiana.

Aug. 17, 2007.

Publication Ordered Sept. 28, 2007.

Robert D. Brown, Spangler, Jennings & Dougherty, P.C., Merrillville, IN, John L. McCrum, Logan C. Hughes, Eichhorn & Eichhorn, Hammond, IN, Attorneys for Appellants.

Mark A. Bates, Schererville, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Munster Community Hospital ("MCH"), Cardiac Care Consultants, P.C. ("CCC"), Shashidhar Divakaruni, M.D., and Jay C.L. Paik, M.D. (collectively "MCH"), appeal from the trial court's grant of Thomas Bernacke's Trial Rule 60(B) motion to vacate the trial court's dismissal of his complaint against MCH. MCH raises a single dispositive issue for our review, namely, whether the trial court abused its discretion when it reinstated Bernacke's complaint.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On November 3, 2004, Bernacke filed a proposed complaint for damages with the Indiana Department of Insurance alleging that MCH committed malpractice in its medical treatment of him on November 8, 2002. In November and December 2004, MCH served discovery requests on Bernacke, which his counsel forwarded to him upon receipt. Responses to that discovery were due within thirty days. In March 2005, after Bernacke had not returned his responses to his counsel, his counsel wrote Bernacke advising him to answer the discovery requests immediately. Bernacke did not respond.

In March, April, May, and June of 2005, MCH sent correspondence to Bernacke's counsel requesting the overdue discovery responses. In addition, MCH requested the responses by telephone on several occasions. Despite MCH's efforts, Bernacke did not provide the discovery responses.

Bernacke's counsel also did not participate in the medical review panel selection process. Counsel did not nominate anyone to the panel and did not strike proposed panel members submitted by the panel chairman. As a result of Bernacke's counsel's conduct, MCH filed a petition for preliminary determination and dismissal for failure to comply with discovery and failure to prosecute. The trial court scheduled a hearing on that petition for September 8, 2005.

On August 1, 2005, Bernacke's counsel requested additional time to respond to the petition and moved to continue the hearing. The trial court granted counsel additional time and rescheduled the hearing for October 26, 2005. Bernacke did not submit a response to the petition, but filed a second motion to continue the hearing, which the trial court granted. During a telephonic conference call, the trial court rescheduled the hearing for December 22, 2005. Bernacke's counsel prepared an order resetting the hearing, which the trial

court completed and distributed to all counsel.

On December 22, 2005, all counsel except for Bernacke's appeared for the hearing on MCH's petition. After argument, the trial court dismissed Bernacke's claims for failure to respond to discovery and failure to prosecute. Approximately five months later, Bernacke filed a Trial Rule 60(B) motion to vacate the dismissal. In that motion, Bernacke's counsel alleged that he had not received notice of the December 22 hearing and that Bernacke had completed his discovery responses. In an affidavit submitted with the motion, Bernacke's counsel stated in relevant part:

5. That answers to written discovery were finally completed on or about December 5, 2005.

6. On or about December 5, 2005, Affiant dictated a letter to opposing counsel which enclosed responses to written discovery. It has subsequently been discovered that the dictation tape was never transcribed and therefore, answers to written discovery were never sent to opposing counsel.

7. On or about December 5, 2005, Affiant's secretary and person who would have been responsible for transcribing and sending the discovery responses abruptly quit her employment.

8. That Affiant believed that the discovery responses had been sent to opposing counsel.

9. That Affiant has a computer docketing system which schedules court hearings, but an entry was never made nor any notice received advising him of the December 22, 2005 hearing date and he was deprived of the opportunity to advise the court that answers [to discovery] had been completed.

Appellants' App. at 104. The trial court granted Bernacke's motion following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

██ MCH contends that the trial court abused its discretion when it granted Bernacke's motion to vacate the dismissal under Trial Rule 60(B)(1). We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *Ross v. Bachkurinskiy*, 770 N.E.2d 389, 392 (Ind. Ct.App.2002). The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.* On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Packer v. State*, 777 N.E.2d 733, 738 (Ind.Ct.App.2002).

Trial Rule 60(B) provides in relevant part:

[T]he court may relieve a party ... from an entry of ... [a] final order. for the following reasons:

(1) mistake, surprise, or excusable neglect[.]

\* \* \*

A movant filing a motion for reason[ ](1) ... must allege a meritorious claim or defense.

Here, Bernacke's counsel alleged that his failure to appear at the December 22 hearing was due to excusable neglect. Specifically, in his affidavit, he stated that he did not receive notice of the hearing and it was not docketed in his calendar.

But during the hearing, counsel for MCH pointed out that on Bernacke's counsel's motion, the October 2005 hearing was continued and that Bernacke's counsel participated in the telephonic conference rescheduling the hearing for December 22. In other words, Bernacke's counsel had

actual notice of that hearing. Indeed, Bernacke's counsel conceded:

> If they [opposing counsel] say I was [a participant in the telephonic conference rescheduling the hearing for December 22], I must have been. I mean, I'm not going to say that they were mistaken. I just don't recall that. If they said I was, then I was. . . . But for whatever reason, [the date] did not get into my diary system. . . . Judge, I do not have an explanation as to why [the date was not put] into my diary system.

Transcript at 19–20. Further, the CCS shows that the trial court mailed Bernacke's counsel written notice of the December 22 hearing.

■■ On appeal, MCH contends that because Bernacke did not present evidence to support a meritorious claim, the trial court abused its discretion when it granted his Trial Rule 60(B)(1) motion. Again, Trial Rule 60(B) requires that an allegation of mistake or excusable neglect be supported by a showing of a meritorious claim. That requires a showing " 'that vacating the judgment will not be an empty exercise.' " *Outback Steakhouse of Florida v. Markley*, 856 N.E.2d 65, 73 (Ind.2006) (quoting 12 Moore's Federal Practice, § 60.43[1][c] (3d ed.1997)). The movant must make a prima facie showing of a meritorious claim, "that is, a showing that 'will prevail until contradicted and overcome by other evidence.' " *Id.* (quoting *Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind.1999)). The movant need only " 'present evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment to stand.' " *Id.* (quoting *Smith*, 711 N.E.2d at 1265); (emphasis omitted).

In response, Bernacke first contends that he was not required to show a meritorious claim because the dismissal was void for lack of notice of the December 22 hearing. In support of that contention, Bernacke cites *Moore v. Terre Haute First Nat'l Bank*, 582 N.E.2d 474 (Ind.Ct.App. 1991). In *Moore*, we observed that "[i]f a judgment is void, whether from faulty process or otherwise, a T.R. 60(B) claimant need not show a meritorious defense or claim." *Id.* at 477. Because it was undisputed that the defendants had not properly served plaintiff with notice of the hearing on their motion to dismiss, we held that the order of dismissal was void and the trial court abused its discretion when it denied the Trial Rule 60(B) motion to set aside the dismissal. *Id.* at 479.

But here, the record shows that counsel was notified of the December 22 hearing during the telephonic conference and by mail. As such, the dismissal was not void. *See Lake County Trust No. 3190 v. Highland Plan Comm'n*, 674 N.E.2d 626, 629 (Ind.Ct.App.1996) (holding order of dismissal not void where notice reasonably calculated to reach the parties was sent), *trans. denied.* Because Bernacke did not make a prima facie showing of a meritorious claim in support of his Trial Rule 60(B) motion, the trial court abused its discretion when it reinstated his claims. *See id.* (reiterating that dismissed plaintiff seeking reinstatement of claim must demonstrate meritorious claim).

■ In the alternative, Bernacke asserts that his "complaint alleges his meritorious claim." Brief of Appellee at 15. But the record shows that Bernacke did nothing more than make a bald assertion that he "has a meritorious claim." Appellants' App. at 100. That, without more, is insufficient to warrant reversal under Trial Rule 60(B). *See Bross v. Mobile Home Estates, Inc.*, 466 N.E.2d 467, 469 (Ind.Ct. App.1984) (holding trial court abused its discretion when it granted Trial Rule 60(B) motion where movant failed to present

"some admissible evidence" of meritorious defense). As such, Bernacke's contention on this issue must fail.

■■■ A Trial Rule 60(B) motion is addressed to the equitable discretion of the trial court. Here, the record discloses a consistent pattern of dilatory conduct by Bernacke's counsel. Moreover, Bernacke's counsel has shown nothing to suggest that he would have persuaded the trial court to deny MCH's motion to dismiss for failure to prosecute had he responded to that motion or attended the December 22 hearing. Indeed, there has been a near-total failure by Bernacke's counsel to participate in the proceedings he initiated with the proposed complaint. We hold that the trial court's grant of Bernacke's Trial Rule 60(B) motion was clearly against the logic and effect of the facts and circumstances.

Reversed.

MATHIAS, J., and BRADFORD, J., concur.

### ORDER

Appellant Munster Community Hospital, by counsel, has filed a Motion to Publish Memorandum Decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

(1) Appellant Munster Community Hospital's Motion to Publish Memorandum Decision is GRANTED, and this Court's opinion handed down in this cause on August 17, 2007, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

NAJAM, MATHIAS and BRADFORD, JJ., concur.