## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Caren L. Pollack
Zachary J. Stock
Pollack Law Firm, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of Crawfordsville,<br>*Appellant-Defendant,*<br><br>v.<br><br>Howard Pollchik,<br>*Appellee-Plaintiff* | November 27, 2019<br><br>Court of Appeals Case No.<br>19A-PL-1374<br><br>Appeal from the Montgomery<br>Circuit Court<br><br>The Honorable Harry A. Siamas,<br>Judge<br><br>Trial Court Cause No.<br>54C01-1805-PL-572 |

**Baker, Judge.**

[1] On May 30, 2018, Howard Pollchik filed a complaint for damages and inverse condemnation against the City of Crawfordsville (the City). The City filed an answer on July 12, 2018. For the next seven months, Crawfordsville requested documents from Pollchik and took his deposition. Pollchik responded to the requests and appeared for his deposition, but pursued no discovery of his own, filed no motions in the trial court, and failed to request a trial date or take any action whatsoever to move the litigation along.

[2] On February 20, 2019, the City filed a motion to dismiss for Pollchik's failure to prosecute pursuant to Indiana Trial Rule 41(E). Pollchik did not respond. The trial court set the motion for a hearing, at which the City appeared but counsel for Pollchik did not. On March 27, 2019, the trial court granted the motion to dismiss.

[3] On April 18, 2019, Pollchik filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(1) based on excusable neglect. The motion explained that Pollchik's counsel had prepared a response to the motion to dismiss averring that Pollchik was ready for trial and asking that the trial court set the matter for a pretrial conference but, "[d]ue to inadvertence that response was not prepared and filed." Appellant's App. Vol. II p. 29. Counsel then

"mistakenly believed" that the trial court had vacated the hearing on the motion to dismiss, which is why he failed to appear. *Id.* at 30.[1]

[4]     The trial court held a hearing on the motion for relief from judgment on June 6, 2019. At that hearing, counsel for Pollchik denied he was required to make a showing of a meritorious claim to be entitled to relief, stating that "[w]e presented an explanation for the claim in the complaint and would do that with more detail if needed, but that's not part of this." Tr. Vol. II p. 6. On June 7, 2019, the trial court summarily granted Pollchik's motion for relief from judgment. The City now appeals.

[5]     We will reverse a trial court's order granting a motion for relief from judgment only if the decision is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Natare Corp. v. Cardinal Accounts, Inc.*, 874 N.E.2d 1055, 1058 (Ind. Ct. App. 2007).

[6]     Pursuant to Trial Rule 60(B)(1), a trial court may set aside a judgment for "mistake, surprise, or excusable neglect" only if the motion "allege[s] a meritorious claim or defense." To meet this burden, the movant must make a prima facie showing that a meritorious claim exists, and this showing cannot

---

[1] Counsel's behavior on appeal has followed a similar trend. The appellee's brief was due on September 3, 2019. That very day, counsel filed a motion for extension of time to file the brief, averring that he had "several hearings to attend, a deposition that required a lot of travel, holiday activities, and two Social Security Hearings that required a week or more of preparation . . . ." Pollchik Mot. for Extension of Time p. 1. This Court granted his motion, ordering that the brief would be due on October 3, 2019. Counsel filed neither a second request for extension of time nor a brief at all.

rest solely on a bald assertion or the allegations in the complaint. *Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 614 (Ind. Ct. App. 2007). A meritorious claim is one "that will prevail until contradicted and overcome by other evidence," and a Trial Rule 60 movant must present enough evidence of that claim to demonstrate "that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment to stand." *Id.* (internal quotations omitted).

[7] Here, in his written motion, Pollchik wholly failed even to attempt to show a meritorious claim. At most, during oral argument, he relied solely on the complaint, which is not enough to warrant relief under Trial Rule 60(B)(1). Under these circumstances, the trial court erred by granting Pollchik's motion for relief from judgment.

[8] The judgment of the trial court is reversed and remanded for further proceedings.

Riley, J., and Brown, J., concur.