# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2020, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Richard N. Bell
Indianapolis, Indiana

Maura K. Kennedy
Law Office of Maura K. Kennedy, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Paul B. Overhauser
Melanie Eich
Overhauser Law Offices, LLC
Greenfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard N. Bell,

*Appellant-Plaintiff,*

v.

Vacuforce, LLC,

*Appellee-Defendant.*

May 26, 2020

Court of Appeals Case No.
19A-PL-2008

Appeal from the Marion Superior Court

The Honorable Timothy W. Oakes, Judge

The Honorable Caryl F. Dill, Magistrate

Trial Court Cause No.
49D02-1903-PL-8733

**Najam, Judge.**

# Statement of the Case

Richard Bell appeals the trial court's denial of his motion to set aside the court's dismissal of Bell's complaint against Vacuforce, LLC for failure to state a claim upon which relief can be granted. Bell presents two issues for our review:

> 1. Whether the trial court abused its discretion when it denied Bell's motion to set aside the dismissal of his complaint.
>
> 2. Whether the trial court abused its discretion when it ordered Bell to pay Vacuforce's attorney's fees.

Vacuforce cross-appeals and asserts that it is entitled to appellate attorney's fees. We affirm and remand with instructions.

# Facts and Procedural History

In an appeal of the underlying federal lawsuit in this matter, the United States Court of Appeals for the Seventh Circuit set out the relevant facts as follows:

> Richard Bell brought a copyright infringement lawsuit against Vacuforce, LLC, accusing it of publishing his photograph of the Indianapolis skyline on its website without a license. Vacuforce hired attorney Paul Overhauser to defend it. The parties quickly settled, so the federal lawsuit was dismissed with prejudice.
>
> That was not the end of the story. Overhauser then moved to recover attorney fees from plaintiff Bell. He argued that since the settlement produced a dismissal with prejudice, Vacuforce was the "prevailing party" for purposes of fees under the Copyright Act, 17 U.S.C. § 505. The district court considered Overhauser's motion frivolous and misleading. The court denied the motion

and ordered two monetary sanctions against Overhauser: one under Federal Rule of Civil Procedure 11 and another under 28 U.S.C. § 1927[ to recover Bell's attorney's fees incurred in responding to Overhauser's motion].

*Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1077 (7th Cir. 2018).

[4] On March 4, 2019, Bell filed a complaint with the Marion Superior Court alleging that, when it sought attorney's fees in the federal court proceeding, Vacuforce breached the terms of the parties' settlement agreement. The trial court granted extensions of time to Vacuforce to respond to the complaint. And on June 21, Vacuforce filed a motion to dismiss under Trial Rule 12(B)(6). In particular, Vacuforce alleged that Bell had not stated a claim for a breach of contract. On July 25, the court granted Vacuforce's motion to dismiss Bell's complaint with prejudice.

[5] On July 28, Bell filed a motion to set aside the dismissal alleging that his counsel, Maura Kennedy, "did not have knowledge of [either the motion to dismiss or] the Court's order granting dismissal on July 25, 2019, because [Kennedy] did not receive electronic service of either of said documents." Appellant's App. Vol. 2 at 46. In that motion, Bell asserted that Kennedy had provided the trial court with her proper contact information on her appearance form in this matter but only discovered the dismissal after checking the docket four days prior to the dismissal order. Bell did not assert a meritorious claim in his motion to set aside the dismissal.

[6] In its response to Bell's motion, Vacuforce pointed out that Kennedy had not updated her contact information with the Indiana Supreme Court Roll of Attorneys as required under Trial Rule 86(O), which had led to Kennedy's failure to receive the electronic notifications. The trial court denied Bell's motion to set aside. And the court awarded attorney's fees to Vacuforce. This appeal ensued.[1]

## Discussion and Decision

### Issue One: Motion to Set Aside

[7] Bell first contends that the trial court abused its discretion when it denied his motion to set aside the dismissal of his complaint. Bell purports to allege that the dismissal should be set aside under Trial Rule 60(B)(1), which provides that the court may relieve a party from an entry of a final order for "mistake, surprise, or excusable neglect." We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *Ross v. Bachkurinskiy*, 770 N.E.2d 389, 392 (Ind. Ct. App. 2002).

[8] Bell maintains that his attorney was not served a copy of Vacuforce's motion to dismiss because of a "clerical error[,] as the Indiana E-filing System sent notice of Vacuforce's Motion to Dismiss to [Bell's] Counsel's wrong email address."

---

[1] Bell also appealed the trial court's order granting Vacuforce's motion to dismiss. Vacuforce filed with this Court a motion to dismiss Bell's appeal as untimely. We agreed, in part, and granted that motion in part. In particular, in our March 20, 2020, Order, we "dismissed with prejudice" Bell's appeal of the trial court's July 25, 2019, order "because it was not timely initiated." Accordingly, the sole issues in this appeal relate to the court's order denying Bell's motion to set aside and granting Vacuforce's motion for attorney's fees.

Appellant's Br. at 11. Thus, Bell asserts that he is entitled to have the dismissal set aside due to mistake or surprise. However, as Vacuforce points out, Trial Rule 86(O)(2) expressly provides in relevant part that, in her appearance form, Bell's attorney was required both to certify "that the contact information listed on the Indiana Supreme Court Roll of Attorneys . . . [was] current and accurate as of the date the appearance [wa]s filed" and to acknowledge "that orders . . . will be sent to the attorney at the email address(es) on the Roll of Attorneys regardless of other contact information supplied by the attorney." Vacuforce asserts, and Bell does not dispute, that Bell's attorney had failed to update her contact information, including her email address, with the Roll of Attorneys at the time she filed her appearance in this matter. Thus, Bell's attorney's failure to receive either Vacuforce's motion to dismiss or the court's order dismissing the complaint was not due to any clerical error but, rather, was due to her own mistake.[2]

[9] As this Court has explained,

> Trial Rule 60(B) *requires* that an allegation of mistake or excusable neglect be supported by a showing of a meritorious claim. That requires a showing "'that vacating the judgment will not be an empty exercise.'" *Outback Steakhouse of Florida v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006) (quoting 12 Moore's

---

[2] In support of his contention that the trial court should set aside the dismissal due to the trial court's "clerical error," Bell cites to case law addressing Trial Rule 60(A), which permits a trial court to correct technical clerical errors in judgments or orders. However, Trial Rule 41(F) makes clear that where, as here, a complaint is dismissed with prejudice, the dismissal may be set aside "in accordance with the provisions of [Trial] Rule 60(B)." Accordingly, to the extent that Bell asserts that the court should set aside the dismissal based upon Trial Rule 60(A) alone, that claim is without merit.

Federal Practice, § 60.43[1][c] (3d ed.1997)). The movant must make a prima facie showing of a meritorious claim, "that is, a showing that 'will prevail until contradicted and overcome by other evidence.'" *Id.* (quoting *Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind. 1999)).

*Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 613 (Ind. Ct. App. 2007) (emphasis added).

[10] Here, in his motion to set aside, Bell asserted that his counsel had "just discovered the E-service *mistake*" and that she had been "*surprise*[*d*]" to discover the dismissal when she checked the docket in late July. Appellant's App. Vol. 2 at 45-46 (emphasis added). On appeal, Bell states that he moved to set aside the dismissal under Trial Rule 60(B)(1). However, Bell did not assert a meritorious claim in his motion to set aside to the trial court, let alone make a prima facie showing of a meritorious claim. *Munster Cmty. Hosp.*, 874 N.E.2d at 613. To the extent Bell asserts for the first time on appeal that he has a meritorious claim, the issue is waived. *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) (holding that, to properly preserve an issue on appeal, "a party must, at a minimum, 'show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal.'") Bell cannot show that the trial court abused its discretion when it denied his motion to set aside the dismissal under Trial Rule 60(B)(1).[3]

---

[3] We note that Bell makes no contention that the trial court's dismissal order is void.

### *Issue Two: Attorney's Fees*

[11] Bell next contends, without any citation to the record or to authority, and without any reference to our standard of review, that the trial court "should reverse the judgment" due to the same "'clerical error' described in the Motion to Dismiss." Appellant's Br. at 12. Again, Bell has not shown that a clerical error occurred. Indeed, Bell does not dispute that the problem arose because Bell's attorney had not updated her contact information pursuant to Trial Rule 86(O). And, in any event, Bell does not support his contention on this issue with cogent argument, and it is waived. We therefore affirm the trial court's award of attorney's fees to Vacuforce.

### *Cross-Appeal*

[12] Vacuforce cross-appeals and contends that it is entitled to appellate attorney's fees under the terms of the parties' settlement agreement. Bell does not contest Vacuforce's contention on this issue. As Vacuforce points out, the parties' agreement provides in relevant part that, in any action seeking relief from an alleged breach of the agreement, "the prevailing party shall recover all of such party's reasonable attorney's fees" incurred, including appellate attorney's fees. Appellant's App. Vol. 2 at 78. We hold that Vacuforce is entitled to appellate attorney's fees under the parties' agreement, and we remand to the trial court for a determination of the appropriate award.

[13] Affirmed and remanded with instructions.

Kirsch, J., and Brown, J., concur.