

FILED

Sep 30 2020, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| John J. Schwarz | Eric M. Wilkins |
| Schwarz Law Office, P.C. | Hunt Suedhoff Kalamaros, LLP |
| Royal Center, Indiana | Fort Wayne, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cross-Road Farms, LLC, | September 30, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 20A-CT-106 |
| v. | Appeal from the LaGrange Superior Court |
| Peggy Whitlock, | The Honorable Lisa Bowen-Slaven, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 44D01-1804-CT-9 |

**Pyle, Judge.**

## Statement of the Case

[1] Cross-Road Farms, LLC ("Cross-Road Farms") appeals the trial court's order denying its motion to correct error, which Cross-Road Farms filed after the trial court had denied Cross-Road Farms': (1) Trial Rule 60(B) motion for relief from judgment; and (2) motion to amend its complaint against Peggy Whitlock ("Whitlock"). Cross-Road Farms argues that the trial court abused its

discretion by denying these motions. Concluding that there was no abuse of discretion, we affirm the trial court's judgment.

We affirm.

# Issue

> Whether the trial court abused its discretion by denying Cross-Road Farms' motion to correct error after denying Cross-Road Farms' Trial Rule 60(B) motion and motion to amend the complaint.

# Facts[1]

Cross-Road Farms operates a farm in Greenfield Township, LaGrange County, Indiana. This farm is adjacent to Anderson Cemetery ("the Cemetery"), which, pursuant to statute, is overseen by Greenfield Township.[2] Whitlock is the acting township trustee for Greenfield Township. In August 2017, Whitlock had a fence erected around the Cemetery.

On April 2, 2018, Cross-Road Farms filed a complaint against Whitlock, personally and in her capacity as the Greenfield Township Trustee. Cross-Road Farms' complaint alleged the following counts: (1) breach of contract; (2) promissory estoppel/detrimental reliance; (3) easement by

---

[1] We direct Cross-Road Farms' attention to Indiana Appellate Rule 46(A)(6)(c), which provides that an appellant's Statement of Facts "shall be in narrative form" and Appellate Rule 50 regarding the required contents of an Appellant's Appendix.

[2] INDIANA CODE § 36-6-4-3(9) provides that a township executive shall "[p]rovide and maintain cemeteries under IC 23-14." INDIANA CODE § 23-14-33-1 through 23-14-76-2 is "referred to as the Indiana general cemetery law." I.C. § 23-14-31-1.

necessity/prescriptive easement; (4) unjust enrichment; and (5) damages. The complaint's main assertion was that Whitlock's erection of the fence around the Cemetery had prevented Cross-Road Farms from using its "center pivot irrigation system" ("irrigation system") that "traverses [Whitlock's] real estate [i.e., the Cemetery] in a circular motion." (App. Vol. 2 at 9). Cross-Road Farms alleged that it and the former township trustee had entered into an oral agreement that had given Cross-Road Farms a "perpetual right" to have the outer wheels of its irrigation system "traverse over" the Cemetery property. (App. Vol. 2 at 9). Cross-Road Farms also alleged that it had designed its irrigation system based on the former trustee's "assurances" that the irrigation system's wheels could traverse over the Cemetery. (App. Vol. 2 at 9). Additionally, Cross-Road Farms alleged that it had used its irrigation system for more than ten years in an "open" and "continuous" manner. (App. Vol. 2 at 11).

[5] Whitlock then filed an answer and a joint motion for judgment on the pleadings pursuant to Trial Rule 12(C) and motion to dismiss pursuant to Trial Rule 12(B)(6). In this joint motion, Whitlock sought to have Counts 1, 3, and 4 dismissed with prejudice. Whitlock argued that the breach of contract claim in Count 1—alleging that Whitlock had breached an oral contract that Cross-Road Farms had made with a former township trustee for a right to have Cross-Road Farms' irrigation system's wheels traverse the Cemetery property—should be dismissed because the claim failed as a matter of law. Whitlock argued, that even if an oral contract had existed, Cross-Road Farms had failed to indicate

whether it was claiming that a license or an easement had been created under the oral agreement and that, under either theory, Cross-Road Farms' claim would fail as a matter of law. Specifically, Whitlock argued that a license was revocable and that Cross-Road Farms could not satisfy the statute of frauds, which required for any contract granting an easement to be in writing.

[6] In regard to the easement by necessity/prescriptive easement claims in Count 3, Whitlock first argued that Cross-Road Farms had failed to plead any facts that would support its easement by necessity claim because it had made no allegations that there had ever been a unity of title between the Cemetery and Cross-Road Farms' property or that its property was inaccessible to a public roadway. Whitlock also argued that Cross-Road Farms could not raise the prescriptive easement claim in Count 3 against Whitlock in regard to the township property of the Cemetery because "Indiana law does not allow a person to claim a prescriptive easement over property owned by the Township." (Appellee's App. Vol. 2 at 10) (citing INDIANA CODE § 32-21-7-2).

[7] Thereafter, on August 28, 2018, Cross-Road Farms filed a response to Whitlock's joint motion to dismiss and motion for judgment on the pleadings and a brief in support thereof. In Cross-Road Farms' response and brief, it challenged the dismissal of Count 4 but agreed to the dismissal "with prejudice" of Counts 1 and 3 ("Agreement to Dismissal with Prejudice"). (Appellee's App. Vol. 2 at 13, 15, 17). Specifically, Cross-Road Farms' response provided:

> 1. [Cross-Road Farms] hereby agrees to dismiss Count I of its Complaint, with prejudice.

2. [Cross-Road Farms] hereby agrees to dismiss Count III of its Complaint, with prejudice.

(Appellee's App. Vol. 2 at 13). In Cross-Road Farms' introduction to its brief, it stated "[Cross-Road Farms], in its . . . response, agreed to dismissal of Counts I and III of its Complaint, with prejudice. Therefore, this Brief will not address [Whitlock's] Brief as such relates to Counts I and III." (Appellee's App. Vol. 2 at 15). Additionally, in the conclusion section of its brief, Cross-Road Farms' again acknowledged its agreement to dismiss with prejudice the two counts, stating, "For the reasons stated herein, Counts I and III of [Cross-Road Farms'] Complaint should be dismissed, with prejudice[.]" (Appellee's App. Vol. 2 at 17).

[8] On September 19, 2018, the trial court entered an order dismissing Counts 1 and 3 with prejudice. Thereafter, the trial court held a hearing on Whitlock's joint motion to dismiss and motion for judgment on the pleadings regarding Count 4. On November 14, 2018, the trial court denied Whitlock's motions challenging Count 4. Accordingly, Cross-Road Farms' Counts 2, 4, and 5 against Whitlock remain.

[9] Nine months later, on August 1, 2019, Cross-Road Farms filed a Motion to Revive Dismissed Counts Pursuant to Trial Rule 60(B) ("Trial Rule 60(B) Motion") and a Motion for Leave to Amend Complaint to Conform to the Evidence ("Motion to Amend"). In its Trial Rule 60(B) Motion, Cross-Road Farms' attorney stated that he had dismissed Counts 1 and 3 because he had "felt that [the two counts] could not be sustained." (App. Vol. 2 at 29). Cross-

Road Farms argued, however, that Counts 1 and 3 should be "revive[d]" pursuant to Trial Rule 60(B)(1) as a "mistake" or "excusable neglect" because Cross-Road Farms' attorney had made a "scrivener error" when he had dismissed Counts 1 and 3 with prejudice. (App. Vol. 2 at 30, 31). Alternatively, Cross-Road Farms asked the trial court to reinstate the two counts pursuant to Trial Rule 60(B)(8). Specifically, Cross-Road Farms requested the trial court to consider its' attorney's prior "serious health issues" as "any reason justifying relief" from the trial court's judgment. (App. Vol. 2 at 30, 31). In regard to counsel's health issues, Cross-Road Farms' counsel stated that he had returned to work in mid-August 2018 after "feel[ing] very ill" and following a two-week hospitalization. Two weeks after returning to work, he had filed the Agreement to Dismissal with Prejudice. (App. Vol. 2 at 29). Although Cross-Road Farms relied on Trial Rule 60(B)(1) and (8), it did not allege that it had meritorious claims as required under Trial Rule 60(B).

[10] In Cross-Road Farms' Motion to Amend, it stated that "in addition to a prescriptive easement existing, [Cross-Road Farms] believes there is a claim to be made for a prescriptive right of way[.]" (App. Vol. 2 at 20). Cross-Road Farms alleged that previous owners of Cross-Road Farms' real estate had used an irrigation system that crossed onto the Cemetery property "in the approximate same path[.]" (App. Vol. 2 at 20). Cross-Road Farms asserted that Whitlock would not be prejudiced by the amended complaint because she "ha[d] already taken the position that a prescriptive property right cannot be made against a governmental entity" and that "[a]ll [Whitlock] ha[d] to do is

apply [her] prior argument to the claim asserting a prescriptive right of way." (App. Vol. 2 at 21). Along with its Motion to Amend, Cross-Road Farms submitted a proposed amended complaint that included its previously dismissed Counts 1 and 3 and included an additional count for prescriptive right of way.

[11] Whitlock filed a brief in opposition to Cross-Road Farms' Trial Rule 60(B) Motion and Motion to Amend. Whitlock argued, in relevant part, that the trial court should deny the Trial Rule 60(B) Motion because Cross-Road Farms had failed to show that there was a scrivener's error that would amount to excusable neglect and because Cross-Road Farms had "failed to show any meritorious claim as required by Trial Rule 60(B)." (Appellee's App. Vol. 2 at 28). Additionally, Whitlock argued that the trial court should deny the Motion to Amend because the proposed count for prescriptive right of way was "cumulative of the already-dismissed claim for 'prescriptive easement'" and because the proposed amendment was "futile as Indiana statutes specifically forbid [a party from] obtaining rights to governmental property via prescription." (Appellee's App. Vol. 2 at 29).

[12] On October 22, 2019, the trial court issued an order denying Cross-Road Farms' two motions. In regard to Cross-Road Farms' Trial Rule 60(B) Motion, the trial court stated: "Even if [Cross-Road Farms'] mistake in dismissing Counts I and III was 'excusable neglect' under Trial Rule 60(B), [Cross-Road Farms] has failed to allege that Counts I and III of its original Complaint are meritorious claims." (App. Vol. 2 at 7). When denying Cross-Road Farms' Motion to Amend, the trial court found that "no prescriptive right can be

obtained against the government and therefore [Cross-Road Farms'] proposed amendment is futile." (App. Vol. 2 at 7).

[13] Thereafter, Cross-Road Farms filed a motion to correct error, which the trial court also denied. Cross-Road Farms now appeals.

# Decision

[14] Cross-Road Farms argues that the trial court erred by denying its motion to correct error, which Cross-Road Farms filed after the trial court had denied its Trial Rule 60(B) Motion and Motion to Amend.

[15] We review a trial court's denial of all these motions for abuse of discretion, and will reverse only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court has misinterpreted the law. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013) (discussing standard of review for trial court's ruling on a motion to correct error); *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 812 (Ind. 2012) (discussing standard of review for a trial court's Trial Rule 60(B) ruling), *reh'g denied*; *Williams v. Inglis*, 142 N.E.3d 467, 475 (Ind. Ct. App. 2020) (discussing standard of review for a trial court's ruling on a motion to amend a complaint under Trial Rule 15), *reh'g denied*, *trans. denied*.[3]

---

[3] We are somewhat perplexed by Cross-Road Farms' citations to the standard of review for a trial court's decision on a Trial Rule 12(C) motion for judgment on the pleadings and a Trial Rule 12(B)(6) motion to dismiss. This appeal is not from the trial court's rulings on those two motions, which had been filed by

[16]     We first turn to Cross-Road Farms' challenge to the trial court's denial of its Trial Rule 60(B) Motion. Here, Whitlock filed a joint motion for judgment on the pleadings and motion to dismiss, seeking to have Counts 1, 3, and 4 of Cross-Road Farms' complaint dismissed with prejudice. Thereafter, in late August 2018, Cross-Road Farms filed a response and specifically agreed to dismiss Counts 1 and 3 with prejudice. On September 19, 2018, the trial court entered an order dismissing Counts 1 and 3 with prejudice. Almost eleven months later, on August 1, 2019, Cross-Road Farms filed its Trial Rule 60(B) Motion, seeking to set aside the trial court's September 2018 order and reinstate Counts 1 and 3 that had been dismissed with prejudice.

[17]     "[A] dismissal with prejudice constitutes a dismissal on the merits and is therefore conclusive of the rights of the parties and res judicata as to the questions that might have been litigated." *Staff Source, LLC v. Wallace*, 143 N.E.3d 996, 1010 (Ind. Ct. App. 2020) (internal quotation marks and citations omitted). *See also Ilagan v. McAbee*, 634 N.E.2d 827, 829 (Ind. Ct. App. 1994). Indiana Trial Rule 41(F) provides, in relevant part, that "[a] dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

[18]     Trial Rule 60(B) provides in relevant part:

---

Whitlock. Instead, this appeal is from the trial court's denial of Cross-Road Farms' Trial Rule 60(B) Motion and its Motion to Amend. Accordingly, we will focus our appellate review on those two trial court rulings.

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment . . . for the following reasons:

(1) mistake, surprise, or excusable neglect;

\* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) *must allege a meritorious claim* or defense.

(Emphasis added). "The burden is on the movant to establish ground for Trial Rule 60(B) relief." *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010).

[19] In its Trial Rule 60(B) Motion, Cross-Road Farms sought to have Counts 1 and 3 "revive[d]" under either Trial Rule 60(B)(1) or (8). (App. Vol. 2 at 29, 31). Trial Rule 60(B) requires that allegations of mistake or excusable neglect under Trial Rule 60(B)(1) or any reason justifying relief under Trial Rule 60(B)(8), as Cross-Road Farms alleged, must be supported by a showing of a meritorious claim. *See Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 614 (Ind. Ct. App. 2007). "That requires a showing 'that vacating the judgment will not be an empty exercise.'" *Id.* (quoting *Outback Steakhouse of Florida v. Markley,* 856 N.E.2d 65, 73 (Ind. 2006)) (internal quotation marks and other citation omitted). "The movant must make a prima facie showing of a meritorious claim, that is, a showing that will prevail until contradicted and overcome by

other evidence." *Munster Cmty. Hosp.*, 874 N.E.2d at 614 (internal quotation marks and citations omitted).

[20] Here, however, Cross-Road Farms did not allege, nor even mention, that it had meritorious claims as required under Trial Rule 60(B). Based on this failure, the trial court denied Cross-Road Farms' Trial Rule 60(B) Motion. We conclude that the trial court did not abuse its discretion and affirm its denial of Cross-Road Farms' Trial Rule 60(B) Motion. *See, e.g.*, *Munster Cmty. Hosp.*, 874 N.E.2d at 614 (holding that a movant's "bald assertion that he 'ha[d] a meritorious claim'" was insufficient under Trial Rule 60(B)).

[21] Next, we turn to Cross-Road Farms' argument that the trial court abused its discretion by denying its Motion to Amend.

> Indiana Trial Rule 15(A) provides that a party may amend his pleading once as a matter of course if within a certain time frame. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires. Although amendments to pleadings are to be liberally allowed, the trial court retains broad discretion in granting or denying amendments to pleadings. We will reverse a trial court's ruling on a motion to amend only upon a showing of an abuse of that discretion, which occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. Our Court reviews whether a trial court's ruling on a motion to amend is an abuse of discretion by evaluating a number of factors, including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue

> prejudice to the opposing party by virtue of the amendment, and
> futility of the amendment.

*Williams*, 142 N.E.3d at 475 (internal quotation marks, bracket, and citations omitted).

[22] Here, the trial court denied Cross-Road Farms' Motion to Amend, finding that "no prescriptive right can be obtained against the government and therefore [Cross-Road Farms'] proposed amendment is futile." (App. Vol. 2 at 7). We agree with the trial court. INDIANA CODE § 32-21-7-2(a) provides that "[t]itle to real property owned by the state or a political subdivision . . . may not be alienated by adverse possession." *See also Verrill v. Sch. City of Hobart, Lake Cnty.*, 222 Ind. 214, 216, 52 N.E.2d 619, 620 (1944) ("In the absence of a statute, . . . an easement cannot be acquired by prescription against the government."); *Sims v. Town of New Chicago*, 842 N.E.2d 830, 834 (Ind. Ct. App. 2006) (explaining that "*Verrill* continues to be good law" and applying the holding in *Verrill* to a party's prescriptive claim against a political subdivision). Accordingly, Cross-Road Farms' proposed amendment to add a prescriptive claim would have been futile. Additionally, Cross-Road Farms' proposed amendment was futile because Cross-Road Farms had already dismissed its prescriptive claim with prejudice. *See Ilagan*, 634 N.E.2d at 829 (explaining that a dismissal with prejudice, which constitutes a dismissal on the merits, is conclusive of the rights of the parties and res judicata as to the questions that might have been litigated). Because Cross-Road Farms' proposed amendment to add a prescriptive claim would have been futile, we conclude that the trial

court did not abuse its discretion by denying Cross-Road Farms' motion to amend it complaint. *See, e.g.*, *Williams*, 142 N.E.3d at 476 (affirming the denial of a party's motion to amend a complaint where the amendment would have been futile).

[23] Affirmed.

Bradford, C.J., and Weissmann, J., concur.