## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2020, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Denise F. Hayden | Lisa M. Joachim |
| Indianapolis, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: The Marriage of:

Manjit S. Gill,

*Appellant-Respondent,*

v.

Harmandeep Kaur,

*Appellee-Petitioner.*

October 29, 2020

Court of Appeals Case No.
20A-DC-100

Appeal from the Hendricks
Superior Court

The Honorable Robert W. Freese,
Judge

Trial Court Cause No.
32D01-1812-DC-693

**Tavitas, Judge.**

## Case Summary

Manjit S. Gill ("Husband") appeals from the trial court's order setting aside its decree of dissolution regarding Husband's marriage to Harmandeep Kaur ("Wife"). We affirm.

## Issue

Husband raises a single issue on appeal, and Wife raises two issues on cross-appeal. We consolidate and restate the issues on appeal as follows: whether the trial court abused its discretion in setting aside its decree of dissolution of marriage.

## Facts

In December 2013, Wife and Husband were married in India. Thereafter, Husband and Wife maintained their marital home in Hendricks County, Indiana, where they resided with their daughter. On December 7, 2018, Wife filed a petition for dissolution of the marriage. At the time, the parties owned real property in the United States and, most relevantly to the issue here, in India. The property in India consisted of three lots.

On December 10, 2018, the trial court entered an initial order "enjoin[ing], restrain[ing] and prohibit[ing] the parties from disposing of any marital assets until further order from the Court." Wife's App. Vol. II p. 2 (capitalization

emphasis omitted). In February 2019, Husband transferred ownership of the property in India to his mother without leave of the trial court.[1]

[5] On October 8, 2019, in advance of the anticipated final hearing, the trial court ordered the parties to tender their final hearing exhibits to the court reporter and to disclose to one another the parties' assets and debts by October 17, 2019. Wife complied; however, Husband did not. Wife's disclosure to Husband included an embassy valuation of the property in India for $350,000.00. Wife's embassy valuation was prepared by Amandeep Singh ("Singh"), an "architect evaluator" based in India. Tr. Vol. II p. 99.

[6] On October 24, 2019, the trial court conducted the final hearing on the petition for dissolution. At the outset, the trial court asked whether Husband objected to the admission of Wife's tendered exhibits. Husband did not object, and the trial court admitted all of Wife's tendered exhibits, including the embassy valuation, into evidence. Wife testified that Husband told Wife, during the marriage, that the value of the property in India was $350,000.00. During Husband's case-in-chief, Husband failed to introduce a valuation for the property in India.

[7] On October 31, 2019, the trial court issued its decree of dissolution, which provided, in pertinent part, as follows:

---

[1] Husband also sold a 2014 Mercedes with a value of approximately $33,000.00 in violation of the trial court's initial order.

24. Husband also has property interests in land and real estate in India (hereinafter "India Property[")]. Husband shall have sole exclusive possession any [sic] interest in land and real estate in India, subject to his transferred interest. Husband shall hold Wife harmless of any debts and liabilities associated with the India Property. The value of Husband's India Property at the Date of Filing was . . . $350,000.00.

25. Husband, in violation of the Court's Initial Order, transferred the India Properties into the name of his mother in order to conceal the property from being added to the marital estate. Despite the transfers, the Court now considers the value of the Indian Property as part of the marital estate and sets that off to Husband.

Husband's App. Vol. II p. 25. In its division of the marital estate, the trial court employed an equal division of the marital estate and awarded $249,866.00 to Wife in equalization of the marital distribution. On November 27, 2019, Husband filed a motion to correct error, which the trial court denied on December 13, 2019.

[8] On January 6, 2020, Husband filed a motion to aside the dissolution decree, pursuant to Indiana Trial Rule 60(B). Husband alleged the existence of a mistake or newly-discovered evidence relating to the valuation of the property in India. Husband attached an affidavit from Singh, who averred that Wife's tendered valuation "[wa]s invalid, incorrect and wrong"; and that the correct value of the land "registered in the name of [Husband]" was $48,890.00. *Id*. at 133.

The trial court conducted a hearing on Husband's motion to set aside the decree on March 4, 2020. At the outset of the hearing, Wife objected to the hearing and the evidence presented. Husband then called Singh to testify telephonically. Singh testified that: (1) an embassy valuation differs from a fair market valuation; (2) embassy valuations generally reflect the requesting party's desired value for the appraised property; (3) embassy valuations are not intended for use in legal proceedings;[2] (4) Singh's initial evaluation reflected Wife's family's desired value for the three lots;[3] (5) in May 2019, the fair market value of the three lots was $175,000.00; and (6) as of January 2020, when Singh performed a new property valuation for the only lot that remained in Husband's name, the single lot had a fair market value of $48,890.00. Lastly, Wife and Husband testified that they lacked prior knowledge of the meaning of embassy valuations before the final hearing.

The trial court granted Husband's motion to set aside the dissolution decree on March 10, 2020. The trial court's order provided, in part, as follows:

> 4. An Embassy Valuation is not a Fair Market Valuation.

---

[2] Singh testified that embassy valuations assess the property at issue "a little bit above the market value" to aid property owners in obtaining visas for overseas travel. Tr. Vol. II p. 102. Singh explained that inflated property values lead the visa-issuing embassies to believe that property owners intend to return to India, due to the considerable value of the property owners' real estate holdings in India.

[3] The record reveals that Wife's grandfather requested the embassy valuation on Wife's behalf.

5. There was a mistake of fact about the proper valuation for property division purposes.

6. The Fair Market Value (FMV) for division purposes, as testified by an appraiser, was $175,000.00.

7. In the Decree, the [trial c]ourt entered a Judgment in favor of [Wife] and against [Husband] in the amount of $249,866.00 to equal out the division of marital property. This was based on the $350,000.00 value of the property in India.

8. Using the FMV of $175,000.00, the Judgment should be in the amount of $162,366.00.

9. The Court does now, based on the mistake of fact, unknown at the time of the final hearing, amend[ ] the Judgment in favor of [Wife] and against [Husband] in the amount of $249,866.00 to equal out the division of marital property to the amount of $162,366.00.

10. All other matters in the Decree remain.

*Id*. at 16.

On March 13, 2020, Husband filed another motion to correct error, wherein Husband argued: "$175,000.00 is the value of the total land"; Husband "does no[t] own all of the land"; and "[Husband]'s section of the land [i]s worth $48,890.00" *Id*. at 142. The trial court denied Husband's motion to correct error on March 23, 2020. Husband now appeals, and Wife cross-appeals, from

the trial court's order granting Husband's motion to set aside the dissolution decree.[4]

# Analysis

[12] Husband and Wife challenge the trial court's grant of Husband's motion to set aside the dissolution decree, pursuant to Indiana Trial Rule 60(B), which we generally review for an abuse of the trial court's discretion. *Waterfield v. Waterfield*, 61 N.E.3d 314, 323 (Ind. Ct. App. 2016), *trans. denied*. A trial court ruling on such a motion must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.* We will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Id.*

[13] Indiana Trial Rule 60(B) provides, in pertinent part, as follows:

> (B) Mistake--Excusable Neglect--Newly Discovered Evidence--Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;

---

[4] While Husband's January 7, 2020 motion to set aside the dissolution decree was pending before the trial court, Husband filed a notice of appeal on January 13, 2020. On January 17, 2020, Husband filed a motion for remand to the trial court, and on February 12, 2020, this Court dismissed Husband's appeal without prejudice to allow the trial court to conduct further proceedings. We granted Husband's petition to reinstate the appeal on May 4, 2020.

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59 . . . .

[14] Husband argues that the trial court abused its discretion in its valuation of the marital property in India because "[t]he correct value" of the property is "$48,890.00, not $175,000.00"; and "[t]here was no evidence before the [trial] court that the property should be valued at anything higher[.]" Husband's Br. p. 9. Husband alleges the existence of a mistake or newly-discovered evidence that warrants further downward revision of the trial court's valuation of the property in India. Wife counters that the trial court abused its discretion in setting aside the dissolution decree because Husband established neither a mistake nor the existence of newly-discovered evidence.[5]

[15] We initially note that Husband's failure to present a valuation at the final hearing arguably constitutes invited error.[6] In its broad discretion, and notwithstanding Husband's neglect, the trial court granted Husband's motion to

---

[5] In the alternative, Wife argues that the trial court did not abuse its broad discretion in selecting a date for the valuation of marital property. We need not reach Wife's alternative argument because we can resolve this appeal on the initial dispositive issue.

[6] "Invited error, which is based on the legal principle of estoppel, forbids a party from taking 'advantage of an error that [ ]he commits, invites, or which is the natural consequence of h[is] own neglect or misconduct.'" *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005) ("A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error.")).

set aside the dissolution decree and heard argument on Husband's challenge to Wife's $350,000.00 valuation.

[16] In Husband's motion to set aside the dissolution decree, counsel for Husband argued that newly-discovered evidence and a mistake regarding Wife's embassy valuation provided bases for relief under Indiana Trial Rule 60(B).[7] "A motion for relief from judgment due to mistake, surprise, or excusable neglect does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment." *Kretschmer v. Bank of America, N.A.*, 15 N.E.3d 595 (Ind. Ct. App. 2014). "The burden is on the movant to establish ground[s] for Trial Rule 60(B) relief." *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010).

[17] Trial Rule 60(B) requires that allegations of mistake or excusable neglect under Trial Rule 60(B)(1) or any reason justifying relief under Trial Rule 60(B)(8) must be supported by a showing of a meritorious claim. *See Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 614 (Ind. Ct. App. 2007). "That requires a showing 'that vacating the judgment will not be an empty exercise.'" *Id.* (quoting *Outback Steakhouse of Florida v. Markley,* 856 N.E.2d 65, 73 (Ind. 2006)) (internal quotation marks and other citation omitted). "The

---

[7] At the hearing on Husband's motion to set aside the dissolution decree, counsel for Husband initially argued that newly-discovered evidence warranted the grant of Husband's desired relief. The trial court rejected the argument based on Husband's failure to timely obtain and introduce a fair market valuation for the land in India at the final hearing. Because the trial court did not abuse its discretion by granting relief based upon a mistake, we need not separately address whether Husband was entitled to relief due to alleged newly-discovered evidence.

movant must make a prima facie showing of a meritorious claim, that is, a showing that will prevail until contradicted and overcome by other evidence." *Munster Cmty. Hosp.*, 874 N.E.2d at 614.

[18] Here, the record from the hearing on the motion to set aside the decree revealed the following. Singh testified that Wife's $350,000.00 embassy valuation: (1) was inflated; (2) reflected Wife's family's desired valuation for the land in India and not the fair market value of the land; (3) was inherently unreliable; and (4) was not intended for use in legal proceedings. Additionally, Singh testified that, in May 2019, the combined value of the three lots in India was $175,000.00; and in January 2020, the value of the single lot that remained in Husband's name was $48,890.00.

[19] We conclude that, through Singh's testimony and affidavit, Husband carried his burden to demonstrate a meritorious claim regarding the mistaken belief that Wife's embassy valuation reflected the fair market value of the land in India. In light of Husband's failure to tender a valuation of his own, failure to timely object to Wife's embassy valuation, and failure to prevail on his motion to correct error, the trial court was not required to revisit the suitability of Wife's embassy valuation regarding the land in India. That said, we find that the trial court's decision—in its sound discretion—to set aside the dissolution decree with respect to the valuation of the property in India was not clearly against the logic and effect of the facts and circumstances before the court. Thus, we conclude that the trial court did not abuse its discretion in setting aside the dissolution decree as to the valuation, and Wife cannot prevail on cross-appeal.

To the extent, however, that Husband alleges the existence of another error stemming from the trial court's refusal to reduce the valuation of the property in India from $175,000.00 to $48,890.00, Husband has not made a prima facie showing of a meritorious claim. The record is clear that, in May 2019, the three lots of land in India were valued at $175,000.00. Granting Husband's desired relief would allow Husband to benefit from his willful violation of the trial court's initial order when Husband transferred ownership of two of the three lots to his mother.

The trial court's reduction of the valuation to $175,000.00 was not an abuse of discretion under Trial Rule 60(B)(1). Accordingly, the trial court did not abuse its discretion by setting aside the dissolution decree to correct the valuation of the property.

## Conclusion

The trial court did not abuse its discretion in setting aside the dissolution decree or in revising the property valuation to $175,000.00. We affirm.

Affirmed.

Kirsch, J., and Pyle, J., concur.